Charles William VICTORY, Appellant,

v.

The STATE of Texas, Appellee.

No. 50764.

Court of Criminal Appeals of Texas.

Jan. 21, 1976.

Opinion on State's Motion for
Rehearing Nov. 3, 1976.

Dissenting Opinion on State's Second
Motion for Rehearing March 9, 1977.

Mitchell D. Stevens, Dallas, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm and Les Eubanks, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for indecency with a child. Punishment was assessed by the jury at two years.

At the outset, appellant contends the court erred in overruling his motion to quash the indictment.

The pertinent portion of the indictment alleges that appellant did

"then and there knowingly and intentionally engage in sexual contact with J_____ V_____, a child younger than 17 years and not then the spouse of the Defendant, by touching the genitals of the said J_____ V_____."

Appellant urges that the "intent to arouse or gratify the sexual desire of any person" is an element of the offense and that the indictment is defective for failure to allege such culpable mental state.[1]

V.T.C.A. Penal Code, Sec. 21.11(a)(1) defines the crime of indecency with a child:

"(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:

(1) engages in sexual contact with the child."

The term "sexual contact" for the purposes of this chapter of the Penal Code is defined by V.T.C.A. Penal Code, Sec. 21.-01(2):

"(2) 'Sexual contact' means any touching of the anus or any part of the genitals of another person or the breast of a female 10 years or older with intent to arouse or gratify the sexual desire of any person."

Article 21.05, V.A.C.C.P. provides that, "Where a particular intent is a material fact in the description of the offense, it must be stated in the indictment; . .." See *Worthington v. State*, Tex.Cr.App., 469 S.W.2d 182.

The State cites *Middleton v. State*, Tex. Cr.App., 476 S.W.2d 14, where an indictment charging theft of mercury under Art. 1436b, V.A.P.C. was held not to be void on its face where it failed to aver that accused intended to deprive the owner of the value of the alleged stolen property. We find Middleton distinguishable from the instant case since Art. 1436b, supra, under which prosecution was had in *Middleton,* provided,

". . . and for the purpose of this Act, the word 'steal' shall mean to take wrongfully and without just claim of authority any mercury, *and the word 'steal' need not be defined in any indictment for the prosecution of any offense hereunder."* (Emphasis supplied)

The Legislature has not seen fit to provide that a key word shall dispense with the necessity of averring a necessary culpable state of mind under the offense charged in the instant case.

We find that the court erred in overruling appellant's motion to quash the indictment.

The judgment is reversed and the cause dismissed.

Opinion approved by the Court.

### OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

The State in its motion for rehearing urges that the indictment in this case was sufficient, and that the reversal should be set aside.

First, we emphasize what was said in our opinion on original submission: appellant's contention is that the trial court erred in overruling his *motion to quash* the indictment.

Article 21.05, V.A.C.C.P., quoted in our opinion on original submission, provides:

"Where a particular intent is a material fact in the description of the offense, it must be stated in the indictment, . ."

Appellant, in his motion to quash the indictment, stated that it failed to comply with this statutory provision. The motion was nevertheless denied.

The State presents several arguments in support of its motion. They may be identi-

---

1. See New Texas Penal Code Forms, Sec. 21.11A, "Indecency with a Child—Sexual Contact" (W. Morrison & T. Blackwell, 1973).

fied as (1) Article 21.05, supra, does not apply; (2) to require pleading of a particular intent would create chaos; (3) *Earl v. State,* Tex.Cr.App., 514 S.W.2d 273, and *Gonzales v. State,* Tex.Cr.App., 517 S.W.2d 785, are in conflict with our holding on original submission; and (4) the legislative scheme of the new Penal Code dispensed with the need to plead the particular intent in this case.

The first argument is succinctly summed up in the following statement from the State's brief:

"That article [21.05, supra] only requires the statement of a particular intent in the indictment when it 'is a material fact in the description of the offense.' The description of the offense as set forth in the statute does not state the secondary intent as a material fact in its description."

Article 21.05 requires that a particular intent must be pleaded if it is a material fact in the description of the offense. V.T.C.A. Penal Code, Sec. 21.11(a)(1) defines indecency with a child. That statutory provision includes in its definition the term "sexual contact", which, in turn, is given a particular legal meaning in V.T.C.A. Penal Code, Sec. 21.01(2). "Sexual contact" is, as the State characterizes it in its brief, "a word of art" with "a specialized meaning." Part of that "specialized meaning" is the requirement that the acts therein described be committed with a particular intent. The intent is, then, a material fact and, indeed an essential part of the description of the offense.

The State appears to contend that only the section of the code commencing "A person commits an offense if" is to be examined to determine the description of the offense. Such a holding upon enactment of a statute providing "A person commits an offense if he commits burglary", and defining burglary in a different section, would support an indictment that alleged no more than that John Doe on or about a stated date did commit burglary. It is manifest that the State's position is based upon a mere technicality and is untenable.

Furthermore, if the State's position that the particular intent is not a material fact were correct, not only could the matter here at issue be omitted from the indictment, but it could be dispensed with in the proof as well. It cannot be denied that the particular intent here is a material fact in the description of the offense, and must be alleged in the indictment. The State's first argument is without merit.

The State next argues that "the effect of the construction which the Court has placed upon this Code by this decision leads us to utter chaos when it is applied to Chapter 43 of the new Penal Code." This Court does not render advisory opinions and we will not do so on Chapter 43. The thrust of the State's argument, however, appears to be no more than this: to require the State to plead a particular intent in addition to the general culpable mental state will require the State to plead more than one intent.[1] The thrust is true, but we fail to see how that would create chaos in the law. Article 21.05, V.A.C.C.P., requires particular intents be pleaded. Further, the new Penal Code is not just a collection of separate statutes; it is an integrated whole. Definitions of terms with special meanings for purposes of the entire Code are collected in Sec. 1.07 thereof, and other definitions are collected at the beginning of relevant chapters. Anyone who reads the Code as a whole will be cognizant of its structure, and should have no trouble recognizing which offenses require a particular intent and which do not. So long as the statutes are consulted for guidance in drafting pleadings and for guidance in ruling upon exceptions to indictments, there will not be the chaos suggested in the State's brief. The State's second argument is without merit.

The State next asserts, "Very plainly, this decision is in conflict with *Earl v. State,* [Tex.Cr.App.,] 514 S.W.2d 273, where

1. The law does require pleading more than one mental element in some offenses. See discussion of V.T.C.A. Penal Code Sec. 1.07(a)(8) and (13) below. But see also *Teniente v. State,* cited and discussed below.

the court held that it was not necessary to plead the elements of theft in charging robbery 'in the course of committing theft,'" and "It would appear by the same reasoning that this opinion is in conflict with *Gonzales v. State*, [Tex.Cr.App.,] 517 S.W.2d 785." The reasoning in support of these assertions is, as worded in the State's brief:

> "In that case [*Earl v. State*] the definition of theft is contained in another chapter. In the instant case the definition of sexual contact is contained in a separate section from the definition of the offense."

In *Earl v. State, supra,* it was contended that the indictment, which charged robbery and alleged the acts were committed "while in the course of committing theft," was defective for failure to allege the constituent elements of theft. The Court observed:

> "Thus the actual commission of the offense of theft is not prerequisite to commission of a robbery, nor need the victim of the theft or attempted theft and the victim of the robbery be the same."

Nowhere was it even suggested in *Earl* that the location of the definition of theft in the Penal Code was determinative of the appeal. Neither was the indictment in that case violative of Art. 21.05, supra, as is the indictment in this case.

*Gonzales v. State,* supra, considered a challenge to a burglary indictment. The indictment there alleged the acts were committed "with intent to commit theft," but did not allege the constituent elements of theft. The Court held that allegations of the constituent elements of theft were not required. It did not hold that allegations of the particular intent were dispensable. The indictment in that case, unlike the one in this case, did allege the particular intent as required by Art. 21.05, supra.

We also observe at this point that our recent opinion in *Teniente v. State,* Tex.Cr. App., 533 S.W.2d 805 is likewise not in conflict with our decision today. Not only was there no motion to quash in *Teniente,* but, even more importantly, the burglary indictment in that case did allege the particular accompanying intent required by Art. 21.05, supra, in that it alleged the acts were committed "with the intent to commit theft." The opposite is true here. *Teniente* stands for the proposition that the allegation of the required particular intent sufficed for the more general culpable mental state as well. The instant case presents precisely the opposite issue: does an allegation of the general culpable mental state dispense with the need to allege the particular intent? Art. 21.05, supra, answers that the particular intent itself must be alleged.

The reversal of this conviction not only is not in conflict with the cases cited by the State; it does not even involve the same principles of law that controlled the dispositions of those earlier cases. The State's third argument is without merit.

■ The State's final argument is as follows:

> "An overview of the entire Penal Code makes it clear that the Legislature intended, by placing definitions of terms in separate articles than within the definition of the offense itself that they were not stating specific elements of the offense in its description but merely defining subordinate terms so that the jury could be so instructed."

No legislative history or statement of legislative intent is cited in support of this assertion. It is our opinion that definitions were grouped together in Sec. 1.07, supra, and other sections, not so that the matters therein would not be elements, but rather for simplification, accessibility and uniformity of meanings where such was intended. The definitions themselves refute the State's position. Sec. 1.07(a), supra, provides in relevant part:

> "(13) 'Element of offense' means:
> (A) the forbidden conduct;
> (B) the required culpability;
> (C) any required result; and
> (D) the negation of any exception to the offense."

And also:

> "(8) 'Conduct' means an act or omission and its accompanying mental state."

In alleging the facts constituting the forbidden conduct, an indictment must allege both the act or omission *and* the accompanying mental state, if any. The accompanying mental state to the act or omission is part of the *conduct,* as statutorily defined (Sec. 1.07(a)(8)), and is something apart from and in addition to the required culpability (Sec. 1.07(a)(13)(A) as distinguished from Sec. 1.07(a)(13)(B)).

Furthermore, the new Penal Code was enacted primarily as a code of substantive criminal law. Changes in criminal procedure were small in number and are found in the conforming amendments. Acts 1973, 63rd Leg., Ch. 399, Sec. 2. The State, in effect, argues that the formal structure of the new Penal Code evidences a legislative intent that the pleading requirements of Art. 21.05, V.A.C.C.P., not apply here. Had the Legislature intended to repeal or amend the provision of the Code of Criminal Procedure upon which this reversal is founded, we feel such purpose would have been effected in the same manner that numerous amendments were made to that code. Its failure to do so is significant.

The State's fourth argument is also without merit.

The motion for rehearing is denied.

### DISSENTING OPINION ON STATE'S SECOND MOTION FOR REHEARING

DOUGLAS, Judge.

The majority overrules the State's motion for rehearing without written opinion. The indictment alleges, in substance, that appellant did "then and there knowingly and intentionally engage in the sexual contact of _____, a child younger than seventeen years of age, not being the spouse of the defendant, by touching the genitals of the said _____."

This alleges an offense under V.T.C.A., Penal Code, Section 21.11(a)(1), which provides:

"(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:

(1) engages in sexual contact with the child;  . . ."

The definition of "sexual contact", that it should be done with intent to arouse or gratify the sexual desire of any person, is merely a definition. The allegation that he intentionally and knowingly engaged in sexual contact with a child under seventeen years by touching the genitals connotes that it was done with the intent to gratify sexual desire. It rules out an accidental touching. It should not be required by this Court that the obvious be alleged.

The requirement that with intent to arouse or gratify the sexual desire of any person is necessary after alleging that one knowingly engaged in sexual contact with a child under seventeen years of age is requiring, in effect, to inform him of something that he is already aware of as alleged in the indictment.

There is no showing that appellant was any way misled or did not know what he was charged with.

Article 21.17, V.A.C.C.P., provides:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

Article 21.12, V.A.C.C.P., provides:

"When a statute defining any offense uses special or particular terms, indictment on it may use the general term which, in common language, embraces the special term. To charge an unlawful sale, it is necessary to name the purchaser."

See *Baldwin v. State,* 538 S.W.2d 109 (Tex.Cr.App.1976), and the authorities there cited. In *Reynolds v. State,* 547 S.W.2d 590 (Tex.Cr.App.1976), and in *Ex parte Cannon,* 546 S.W.2d 266 (Tex.Cr.App.1976), the majority and this writer disagree on what has to be alleged in indictments. It would serve no useful purpose to repeat the arguments. See also *Jones v. State,* 545

S.W.2d 771 (Tex.Cr.App.1975, motion for rehearing, January 26, 1977), including the concurring and dissenting opinions.

The State's motion for rehearing should be granted and the judgment should be affirmed.