**J. D. WESLEY, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 51906.**

Court of Criminal Appeals of Texas.

March 16, 1977.

Rod Poirot, Lawrence B. Mitchell, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Steve Wilensky and Norman Kinne, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

This is an appeal from a conviction for indecency with a child under V.T.C.A. Penal Code, Art. 21.11. Trial was before a jury and punishment was assessed by the trial court at ten (10) years in the Texas Department of Corrections.

We note at the outset that appellant filed a supplemental brief in the trial court

and in this Court in which he raises for the first time a new ground of error alleging a defect in the indictment. We have previously held that such a ground will be reviewed only in the interest of justice. Vernon's Ann.C.C.P., Art. 40.09, Sec. 13; *Henriksen v. State*, 500 S.W.2d 491 (Tex.Cr.App. 1973); *Kalmbach v. State*, 481 S.W.2d 151 (Tex.Cr.App.1972).

Appellant contends that the indictment is defective in that it failed to allege an element of the offense; namely, "intent to arouse or gratify the sexual desire of any person." We note that if appellant had filed a motion to quash the indictment that the disposition of this case would be controlled by the recent decision in *Victory v. State*, Tex.Cr.App., 547 S.W.2d 1 (No. 50,-764 decided January 21, 1976) (State's Motion for Rehearing overruled, November 3, 1976). The issue then is whether the defect in the indictment presents reversible error in the absence of a motion to quash.

In *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974) we held that if an indictment fails to charge that an offense was committed, such failure is an error in substance and may be raised for the first time on appeal.

In *Victory v. State*, supra, we held that an indictment must allege both the act or omission and the accompanying mental state because the "accompanying mental state to the act or omission is part of the conduct." V.T.C.A. Penal Code, Sec. 1.07(a)(13) states that "elements of an offense" means the "forbidden conduct" plus the required culpability as well as the result and the negation of any exception to the offense.

Therefore, since the requisite intent is an essential element of the offense, the failure to allege intent would constitute an error of substance which can be raised for the first time on appeal. *American Plant Food v. State*, supra. Furthermore, failure to allege the intent constitutes reversible error. *Victory v. State*, supra.

The judgment is reversed and the cause ordered dismissed.

Opinion approved by the Court.

DOUGLAS, J., dissents in the dissenting opinion in *Victory v. State*, 547 S.W.2d 1 (No. 50,764) motion for rehearing overruled March 9, 1977.