**Phillip Randolph PHILLIPS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 58997 to 59000.**

Court of Criminal Appeals of Texas, Panel No. 2.

.

March 26, 1980.

Rehearing Denied May 14, 1980.

---

Pat McDowell, Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and L. S. Eubanks, Jr., Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

These appeals are taken from four convictions, two for aggravated kidnapping (# 58,997 and # 58,998) and two for aggravated sexual abuse (# 58,999 and # 59,000). Punishment was assessed by the jury at life imprisonment in each of the aggravated kidnapping cases, and at twenty (20) years' imprisonment in each of the aggravated sexual abuse cases.

On appeal appellant advances fifteen (15) grounds of error. In order to put some of the grounds of error in proper perspective, a brief recitation of the facts is necessary. The two complainants, male high school students, were hitchhiking home in Dallas County about 2 a. m. on November 18, 1976. Appellant, whom the complainants had not seen before, picked them up in his automobile and headed in the direction of the complainants' homes. When the complainants pointed out where they wanted to get out, appellant pointed a pistol at the head of the complainant in the front seat and stated that no one was going anywhere. After telling the complainants no one would get

hurt if they did what he said, he instructed them to pull down their pants and he fondled their genitals. Then he forced one of the complainants to perform oral sex on the other, and subsequently forced both of them to perform oral sex on him several times while he continued to drive. They finally drove into Bonham and the appellant stopped for gas. As they started to leave, the complainants asked for cigarettes and when the appellant went back into the station, the complainants escaped in appellant's car. They drove to Grand Prairie in Dallas County and reported the incident to the police there.

In his first two grounds of error he contends the aggravated kidnapping indictments are fundamentally defective for failing to allege the requisite culpable mental state of "knowingly" or "intentionally" for the offense of aggravated kidnapping.

The indictments, identical except for the complainant's name, allege in each that appellant:

"   .   .   .   did unlawfully, knowingly and intentionally abduct another person, namely (Complainant), in that the defendant did then and there restrain the complainant with the intent to prevent his liberation by using and threatening to use a deadly weapon, namely: a pistol, and the said defendant did then and there abduct the complainant with the intent to violate and abuse the complainant sexually."

■ Appellant argues that although the indictments initially allege that the abduction was "knowingly" and "intentionally" that the subsequent reference to abduction in the indictments does not include the necessary culpable mental state of "knowingly" and "intentionally." Appellant contends this is fatal to the indictments. He

argues the indictments are each comprised of one paragraph with two separate conjunctive phrases. He contends the first phrase alleges kidnapping under V.T.C.A., Penal Code, § 20.03,[1] and that the second phrase attempts to allege aggravated kidnapping under V.T.C.A., Penal Code, § 20.-04.[2] V.T.C.A., Penal Code, § 6.02(b), provides, "(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element." Appellant notes the definition of both kidnapping and aggravated kidnapping requires the culpable mental state of intentionally or knowingly (see footnotes # 1 and # 2). He thus contends that in an aggravated kidnapping indictment it is necessary to allege the culpable mental state as to kidnapping and then again allege the same culpable mental state when the element of aggravation is offered in the indictment. We reject such contention.

The elements of aggravated kidnapping, as relevant to the instant case, are that a person

(1) intentionally or knowingly

(2) abducts

(3) another person

(4) with the intent to violate or abuse the person sexually.

The indictments having alleged that the appellant knowingly and intentionally abducted the complainants, the subsequent reference in the indictment to the same abduction need not allege the culpable mental state again with regards thereto in order to render the indictments valid.

*Chance v. State,* 563 S.W.2d 812 (Tex.Cr. App.1978), cited by the appellant, involved an indictment for aggravated promotion of

---

1. Said § 20.03 (Kidnapping) provides in part:
   "(a) A person commits an offense if he intentionally or knowingly abducts another person. . . ."

2. Said § 20.04 provides in part:

"(a) A person commits an offense if he intentionally or knowingly abducts another person with intent to:
"(1) * * *
" * * *
"(4) inflict bodily injury on him or violate or abuse him sexually; . . . ."

prostitution, which was held fundamentally defective for failure to allege any culpable mental state at all. The statute in question, by its very definition, called for the necessary allegation of the culpable mental state of "knowingly." The case was reversed. *Chance*, however, is clearly distinguishable from the facts in the instant case. In *Tew v. State*, 551 S.W.2d 375 (Tex.Cr. App.1977), the indictment for possession of a weapon by a felon failed to allege a culpable mental state. Although the statute involved, V.T.C.A., Penal Code, § 46.05, did not by definition require a culpable mental state, *Tew* held that nevertheless the allegation and proof of a culpable mental state were required by V.T.C.A., Penal Code, § 6.02. See also *Wesley v. State*, 548 S.W.2d 37 (Tex.Cr.App.1977). None of the cases cited by appellant involved the situation presented by the present case.

In *Jason v. State*, 589 S.W.2d 447 (Tex.Cr. App.1979), involving an indictment for aggravated rape of a child, the indictment alleged that the defendant knowingly and intentionally had sexual intercourse with the complainant, then subsequently alleged the defendant compelled submission to said intercourse by threat of imminent infliction of serious bodily injury and death, without further alleging that the compulsion was done with a culpable mental state. Citing *Ex parte Smith*, 571 S.W.2d 22 (Tex.Cr.App. 1978), the court stated, "The allegation that appellant 'knowingly and intentionally' had sexual intercourse with the complainant *includes* the allegation that he also knowingly and intentionally committed the acts by which *means he accomplished the rape*, i. e., compelling submission by threats." 589 S.W.2d at 449 (Emphasis in original).

We hold that the indictments, the subject of the initial grounds of error, when read as a whole sufficiently allege the requisite culpable mental state. The grounds of error are overruled.

Next, appellant contends the above discussed indictments for aggravated kidnapping are fundamentally defective because they fail to allege a constituent element of the offense as defined by V.T.C.A., Penal Code, § 20.04.

V.T.C.A., Penal Code, § 20.04, provides in part:

"(a) A person commits an offense if he intentionally or knowingly abducts another person with the intent to:

"(1) * * *

"(4) inflict bodily injury on him or violate or abuse him sexually . . . ."

V.T.C.A., Penal Code, § 20.01, provides in part:

"In this chapter:

"(1) * * *

"(2) 'Abduct' means to restrain a person with intent to prevent his liberation by:

"(A) secreting or holding him in a place where he is not likely to be found; or

"(B) using or threatening to use *deadly force*." (Emphasis supplied.)

The indictments read in part as follows, that appellant did:

" . . . knowingly and intentionally abduct another person; namely: (the complainant) . . . in that the defendant did then and there restrain the complainant with the intent to prevent his liberation, by using and threatening to use *a deadly weapon, namely: a pistol*, and the said defendant did then and there abduct the complainant with the intent to violate and abuse the complainant sexually . . . ." (Emphasis supplied.)

The appellant argues in support of his contention that the indictments allege the use and threatened use of a "deadly weapon" whereas "deadly force" should have been alleged. Appellant calls attention to V.T.C.A., Penal Code, § 9.01(3), which defines "deadly force" as follows:

" 'Deadly force' means force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury."

He further notes that V.T.C.A., Penal Code, § 1.07(11), defines "deadly weapon" as

"'Deadly weapon' means:

"(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

"(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."

■ Appellant argues that since both terms are particularly defined in the Penal Code the term "deadly weapon" cannot be substituted in an indictment for "deadly force" as found in the definition of "abduct." V.T.C.A., Penal Code, § 20.01. Appellant overlooks that the definition of "deadly force" is found only in Chapter 9 of the Penal Code (Justification Excluding Criminal Responsibility) and in said § 9.01 the definition including "deadly force" is preceded in the statute by the limitation "In this Chapter." The term "deadly force" is not defined in Chapter 20 of the Penal Code nor in said § 1.07 thereof. The use of the phrase "deadly force" in V.T.C.A., Penal Code, § 20.01(2)(B), is not limited to the technical definition of the phrase in said § 9.01(3), which applies only in that chapter. Even if it was otherwise, we perceive no error.

Article 21.17, V.A.C.C.P., provides:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

■ We conclude the allegation in the indictments that appellant "restrained the complainant with intent to prevent his liberation by using and threatening to use a deadly weapon, namely: a pistol" was a sufficient allegation of "deadly force" regardless of whether the definition of such phrase set forth in said § 9.01(3) is considered or whether the common and ordinary meaning of the phrase is used. While "deadly force" should have been alleged, the more particularized allegation which was proved by the State was not reversible error. See Sims v. State, 546 S.W.2d 296 (Tex.Cr.App.1977).

By his fifth and sixth grounds of error, appellant contends that the allegations of the aggravated kidnapping indictments regarding "intent to violate and abuse the complainant sexually" are impermissibly vague. The grounds of error are multifarious in that they appear to allege both voidness under Articles 21.02 and 27.08, V.A.C.C.P., and lack of notice under Articles 21.04, 21.11, and 27.09, V.A.C.C.P. However, we shall address them, as we are able to identify and understand the issues presented therein.

Appellant relies on Victory v. State, 547 S.W.2d 1 (Tex.Cr.App.1976), wherein it was held that a specific intent element in the statutory definition of an offense must be alleged in the indictment charging such offense. See Article 21.05, V.A.C.C.P. We are unable to see what support Victory lends to appellant's argument. Nowhere in that opinion was it held or even intimated that, where the indictment alleges the requisite specific intent element, the defendant is entitled to a more particular pleading of how such intent was manifested. Neither side offers any other authority for or against appellant's contention.

■ As appellant candidly admits, the indictments in question track the statutory language. See V.T.C.A., Penal Code, § 20.-04. Subject to rare exceptions, an indictment which tracks the words of the penal statute in question is legally sufficient. Parr v. State, 575 S.W.2d 522 (Tex.Cr.App. 1978); Boney v. State, 572 S.W.2d 529 (Tex. Cr.App.1978). Appellant, however, further contends that the indictments were ineffective to give him the degree of notice required by Articles 21.04 and 21.11, V.A.C. C.P. It has been recognized that even if an indictment is not defective as a matter of

substance, it may be subject to a challenge as to form. *American Plant Food Corporation v. State*, 508 S.W.2d 598, 603 (Tex.Cr. App.1974).

■ By original and supplemental motions to quash, appellant timely complained that the requisite facts were not alleged to show the basis of appellant's alleged "intent to violate and abuse" the complainants "sexually." We hold that there was no reversible error in the trial court's overruling of these motions. The information requested was essentially evidentiary, rather than being required for purposes of notice and plea in bar. Unless a fact is essential for notice to the defendant, the indictment need not plead the evidence relied on by the State. *Bedwell v. State*, 142 Tex.Cr.R. 599, 155 S.W.2d 930 (1941); *McKenzie v. State*, 450 S.W.2d 341 (Tex.Cr.App.1969), vacated in part (as to death penalty), 408 U.S. 938, 92 S.Ct. 2868, 33 L.Ed.2d 758, reh. denied, 409 U.S. 898, 93 S.Ct. 179, 34 L.Ed.2d 157, on remand, 488 S.W.2d 801 (Tex.Cr.App. 1972); *Cameron v. State*, 401 S.W.2d 809 (Tex.Cr.App.1966); *American Plant Food Corporation v. State*, supra, 508 S.W.2d at 604, n. 3.[3] Appellant's fifth and sixth grounds of error are overruled.

■ Appellant in his seventh and eighth grounds of error alleges that the aggravated kidnapping indictments impermissibly allege two distinct offenses in one count. He contends that the indictments first allege kidnapping, then proceed to charge aggravated kidnapping, in violation of Article 21.24, V.A.C.C.P. However, there was no objection or motion to quash on this ground advanced at trial. Any error was waived. *Johnson v. State*, 456 S.W.2d 917 (Tex.Cr.App.1970).

■ Further, even had error been preserved, the indictments were not duplicitous. To accept appellant's argument would require us to assume that the grand jury meant to charge sufficiently the offense of kidnapping, and then insufficiently charge the offense of aggravated kidnapping, both in a one-count indictment, in violation of Article 21.24, V.A.C.C.P. The latter assumption would be required because, as discussed under the first two grounds of error, the second allegation of "abduct" omits a culpable mental state. See V.T.C.A., Penal Code, § 6.02.

We need not adopt such a tortured construction of the indictments. As in our disposition of appellant's first two grounds of error, we find *Jason v. State*, 589 S.W.2d 447 (Tex.Cr.App.1979), dispositive. Although it would have been better form to allege the aggravating circumstances by tracking the statute, the indictments clearly charge only one offense, aggravated kidnapping. Grounds of error seven and eight are overruled.

In appellant's eleventh ground of error, he alleges that the trial court erroneously charged the jury that they could convict appellant of aggravated kidnapping if they found that he used or threatened to use a deadly weapon, rather than deadly force. This argument is obviously a corollary to appellant's contentions under grounds of error three and four.

As we stated in our discussion of grounds of error three and four, the definition of "deadly force" as used in V.T.C.A., Penal Code, § 9.01(3), is a "term of art" only within that chapter. The court's charge in effect instructed the jury that "using and threatening to use deadly force" and "using and threatening to use a deadly weapon,

**3.** We note from the record that the indictments in all four cases were filed within minutes of each other on the same day. Appellant's pretrial discovery motions in all four cases bear all four cause numbers on one form motion, and a filing date of September 15, 1977. This would appear to indicate appellant's awareness of the content of all four indictments as of that date.

The trial of all four cases took place on October 17–19, 1977. The indictments for aggravated sexual abuse clearly answer all of the questions appellant raises in these grounds of error. Although we do not rely on these facts for our holding, they appear to support our independent conclusion that appellant was not without notice as he claims.

namely: a pistol" were legally synonymous. Since we already have held the two terms synonymous under grounds of error three and four, we hold that no variance existed in the charge. Appellant's eleventh ground of error is overruled.

Appellant's twelfth ground of error apparently attacks the constitutionality of V.T.C.A., Penal Code, § 20.04. Reading the ground of error as stated, we find no express allegation that the statute is unconstitutional. However, we are able, from the argument, to determine that this is his complaint, and will address it. Article 40.09, § 9, V.A.C.C.P.

Appellant alleges that the words of the statute are unconstitutional in that abduction "with intent to violate or abuse [another] sexually" is too vague, indefinite and uncertain a term to place one on notice of what conduct is prohibited. Appellant contends that it is impossible for a person of common understanding to know when he has committed aggravated kidnapping. Further, he argues that a defendant can never know on which acts a jury relied in finding him guilty, thus making it impossible to prepare his defense or plead a "double jeopardy" bar to further prosecution.

■ Appellant's argument, however, ignores important facts. First, we reject his suggestion that an innocent person might commit aggravated kidnapping without knowing it. In order to be in a position to commit aggravated kidnapping, one must have committed kidnapping, which requires a knowing or intentional abduction. See V.T.C.A., Penal Code, § 20.03. The aggravating circumstance which raises the level of culpability is the presence or absence of any one of six specific intents at the time of the abduction. V.T.C.A., Penal Code, § 20.-04. Thus, appellant's question whether obscene words or non-sexual contact with accompanying suggestive statements would constitute aggravated kidnapping, misses the point. The ultimate issue is abduction with the requisite specific intent, not whether sexual acts were committed or overtures made. One's acts are generally reliable circumstantial evidence of his intent. See, e. g., *Bowers v. State*, 570 S.W.2d 929 (Tex.Cr.App.1978). However, they are not the only means of proof. Intent could as easily be shown by words, for example, "I am going to abduct and rape you." Strictly construing the statute, an abduction with these accompanying words would be a *completed* aggravated kidnapping. If the abductor did not subsequently rape his captive, this would be relevant in evaluating the sufficiency of proof of intent. However, it would not preclude submitting the issue of aggravated kidnapping to the jury. To answer appellant's question, the statute does not rely on acts, but intent, and acts can be probative evidence of such intent.

Appellant cites *Courtemanche v. State*, 507 S.W.2d 545 (Tex.Cr.App.1974), wherein an alcoholic beverage statute was held unconstitutionally vague. It prohibited, on premises licensed to serve beer, shows or performances which were "lewd or vulgar." Since that phrase was not defined in the statute, it had to be given its ordinary meaning. Under this standard, the phrase was so vague "that men of common intelligence must guess as to its meaning and differ as to its application," 507 S.W.2d at 546 (citations omitted).

■ Using the same standard in the instant case, we find no impermissible vagueness or uncertainty in the language of V.T.C.A., Penal Code, § 20.04(a)(1). The statute prohibits abduction with intent to "inflict bodily injury on [the victim] or violate or abuse him sexually." The indictments omitted allegation of bodily injury. However, the "bodily injury" language in the statute is important to determining the sufficiency of the notice the statute gives. Interpreting this language *in pari materia* with the "violate or abuse sexually" language of the statute, it is clear that the proscribed conduct is abduction with intent to commit some physical act of bodily inju-

ry, or a non-consensual sex act, upon the victim.

This view is supported by *Powell v. State*, 538 S.W.2d 617 (Tex.Cr.App.1976), wherein we held that the words "an act of violence or threatened violence to a person or property" in V.T.C.A., Penal Code, § 46.05, were not unconstitutionally vague. The statute in question is not unconstitutionally vague. Appellant's twelfth ground of error is overruled.

■■■ Appellant's thirteenth ground of error alleges that the trial court improperly refused, over his timely objection, to define the term "violate or abuse sexually" in its charge to the jury. As he states, there is no statutory definition of the term. In such circumstances, the question is whether the term has such a common and ordinary meaning that jurors can be fairly presumed to know and apply such meaning. *King v. State*, 553 S.W.2d 105, 107 (Tex.Cr.App. 1977), cert. denied, 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 793 (1978), citing *Joubert v. State*, 136 Tex.Cr.R. 219, 124 S.W.2d 368 (1938).

■■■ We hold that there was no reversible error in the trial court's refusal to specially define the term in question. Appellant's thirteenth ground of error is overruled.

By his fourteenth and fifteenth grounds of error, appellant alleges that he was unconstitutionally placed twice in jeopardy when he was prosecuted for both aggravated kidnapping, in Cause No. F 77–6985–KN and aggravated sexual abuse in Cause No. F 77–6986–KN. He advances the same argument with regard to the aggravated kidnapping prosecution in Cause No. F 77–6984–KN and the aggravated sexual abuse case, Cause No. F 77–6987–KN.

In each pair of cases, the same date of commission and complainant are alleged.

Also in each pair of cases, the series of acts alleged and shown as aggravated sexual abuse was the same conduct used to evidence "intent to violate and abuse the complainant sexually" in the respective aggravated kidnapping cases. The State does not contest this fact. Rather, they allege that the aggravated kidnapping as to each complainant was a completed offense at the time of the abduction. They assert that any act of aggravated sexual abuse which occurred thereafter was a distinct and prosecutable offense.

The situation presented by these grounds of error involves what is commonly known as the "carving doctrine."[4] In *Simco v. State*, 9 Tex.App. 338 (1880), the doctrine was recognized as "allow[ing] the prosecutor to carve as large an offense out of a single transaction as he can, yet he must cut only once." Id. at 349. Two recent cases held that the carving doctrine precluded convictions for both aggravated rape and aggravated robbery, where both offenses were the product of one continuous assaultive transaction against the same victim. *Orosco v. State*, 590 S.W.2d 121 (Tex. Cr.App.1979); *Ex parte Curry*, 590 S.W.2d 712 (Tex.Cr.App.1979). In *Orosco*, it was also held that where one evidentiary fact, use and exhibition of a knife, necessarily provided the aggravating circumstances in both offenses, appellant could not be convicted of both.

■■■ In the instant case, the complainants were hitchhiking, and voluntarily entered appellant's car when it stopped. It was not until just before reaching complainants' destination that appellant pulled his pistol and can be said to have abducted them. Immediately thereafter, and under the same showing of threatened deadly force, the complainants submitted to appellant's demands to commit oral sodomy upon him. This was one continuous assaultive transaction, with the aggravating elements

---

4. For a very helpful discussion of the doctrine, see Comment, *The Texas Carving Doctrine*, 6 Am.J.Crim.L. 57 (1978).

in each case proven by the same evidentiary fact. *Orosco,* supra. We sustain appellant's fourteenth and fifteenth grounds of error.

As the judgments in all four cases bear the same date, we must indulge the presumption that the judgments were entered in trial docket number order. *Ex parte Calderon,* 508 S.W.2d 360 (Tex.Cr.App. 1974); *Orosco,* supra. Accordingly, the aggravated sexual abuse judgments in Causes F 77–6986–KN (our Cause # 58,999) and F 77–6987–KN (our Cause # 59,000) are reversed, and no further prosecution for the offenses alleged therein may be had. This disposition renders unnecessary a discussion of appellant's ninth and tenth grounds of error.

The judgments in Causes # 58,997 and # 58,998 in which the appellant was convicted of aggravated kidnapping are affirmed.