Evangelina CARDENAS, Appellant,

v.

The STATE of Texas.

No. C14–81–390–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 14, 1982.

Rehearing Denied Feb. 4, 1982.

Jay W. Burnett, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

Appellant was charged by information with the misdemeanor offense of prostitution. Appellant filed a Motion to Quash the Information and an Amended Motion to Quash the Information prior to trial. Both motions were overruled by the court, and appellant entered a plea of not guilty to the charge. The court found appellant guilty and sentenced her to three days confinement in the Harris County Jail and a fine of $250.00. Appellant gave timely notice of appeal. We now reverse.

Appellant claims in her first ground of error the information filed against her by the state is defective for failing to allege particular intent. Specifically, appellant submits the information is insufficient to charge the offense of prostitution because it fails to allege intent, which is a material fact in the description of the offense. The information under which appellant was charged and convicted alleged that she did:

> knowingly offer and agree to engage in sexual conduct, namely, sexual contact with T. D. Senora for a fee.

Under this information appellant was charged with violating Section 43.02, Tex. Penal Code Ann., "Prostitution", which states in pertinent part:

> (a) A person commits an offense if he knowingly:
> (1) offers to engage, agrees to engage, or engages in sexual conduct for a fee.

Sexual conduct as defined in this chapter of the Penal Code encompasses sexual intercourse, deviate sexual intercourse and sexual contact, the latter with which appellant was charged. Section 43.01 defines sexual intercourse, deviate sexual intercourse and sexual contact for the purposes of the chapter. Sexual contact, however, is the only form of sexual conduct requiring the presence of intent.

> "Sexual contact" means any touching of the anus, breast, or any part of the genitals of another person *with intent to arouse or gratify* the sexual desire of any person.

Tex.Penal Code Ann. § 43.01(3) (Vernon Supp. 1980) (emphasis supplied). Appellant contends intent is an element of the form of prostitution under which she was charged and, that therefore, the information is defective for failing to allege the required culpable mental state. We agree.

Intent to commit a prohibited act is a necessary element of most criminal offenses. Article 21.05, Tex.Code Crim.Pro. Ann. provides "[W]here a particular intent is a material fact in the description of the offense, it must be stated in the indictment. . . ." It is clear a particular intent is stated in the definition of sexual contact (e.g., intent to arouse or gratify the sexual desire of any person). As to whether that intent is a *material fact* of the definition, appellant directs us to the case of *Victory v. State*, 547 S.W.2d 1 (Tex.Crim.App.1976). *Victory* dealt with a conviction of indecency with a child for sexual contact. The offense of indecency at Section 21.11(a), like the offense of prostitution here, states the crime and refers to the legal definition in another section of the chapter. The definition of sexual contact under Section 21.01(2) is identical to the definition of sexual contact under Section 43.01(3) quoted above. The court in *Victory* held that "sexual contact" has a particular legal meaning in the Penal Code, and represents:

> 'a word of art' with 'a specialized meaning.' Part of that 'specialized meaning' is the requirement that the acts therein described be committed with a particular intent. The intent is, then, a material fact and, indeed as essential part of the description of the offense.

*Id.* at 3.

We see this case to be so analogous to the *Victory* decision as to be indistinguishable. As with Section 21.01(2), the definition of sexual contact under Section 43.01(3) is given a particular legal meaning in the Penal Code. The offense of prostitution provides that sexual conduct may be committed any of three ways: by sexual intercourse, by deviate sexual intercourse, and by sexual contact with the intent to arouse or grati-

fy.[1] Only "sexual contact" carries with it an intent requirement. We therefore hold that this particular intent is a material fact in the description of the offense of prostitution by sexual contact and is an essential part of the offense that must be alleged in the indictment. *Victory, supra.* This being the case, the information was defective for failure to allege the culpable mental state required by the statute. Tex.Code Crim. Pro.Ann. art. 21.05 (Vernon 1966).

The state argues it is unnecessary to list a culpable mental state in the information because criminal intent is only mentioned in the definition, and the information tracked the statute (§ 43.02(a)). According to the state's argument, when terms are defined in the statutes they need not be further alleged in an indictment or information because definitions are essentially evidentiary. *Thomas v. State,* 621 S.W.2d 158, 161 (Tex. Crim.App.1981); *Phillips v. State,* 597 S.W.2d 929, 935 (Tex.Crim.App.1980).

 The state is overbroad in its application of *Thomas, Phillips* and their progeny to this case. This court recognizes that with rare exceptions an indictment which traces the words of the penal statute is legally sufficient and the evidence relied on by the state need not be included in the indictment or information. *Parr v. State,* 575 S.W.2d 522 (Tex.Crim.App.1978); *Smith v. State,* 502 S.W.2d 133 (Tex.Crim.App. 1973). This rule, however, is contingent on the unnecessary definitions, facts and terms not being *essential* to giving notice of the offense. *Thomas, supra.* In *Thomas,* the court found it unnecessary for the indictment to define "owner" in a theft charge. The court in *Phillips* rejected a defendant's request for expansion beyond the specific intent already alleged in the indictment. In *Parr,* the court rejected the defendant's claim the type of intoxicant had to be specified in the indictment. In essence, none of these requested definitions were essential to giving notice, nor did any of them represent a *material fact* in the description of the offense as in the instant case. The rule in *Victory* has not been affected by the *Thomas* and *Phillips* line of cases and remains intact.[2] Where intent represents a material fact in the description of the offense, it must be alleged in the indictment. *Victory,* at 3. The state's argument does not affect our holding.

Therefore, the indictment in this case is defective. Since appellant made a Motion to Quash which was denied, the defective indictment represents reversible error.

Judgment reversed and cause remanded.

---

1. The Practice Commentary to § 43.02 states the terms under § 43.01 come from the sexual offenses chapter, § 21.01, et seq. The commentary also states the term "sexual conduct" is used as a shorthand for the four definitional terms to save space. Therefore, the term "sexual contact" is more than a mere evidentiary definition.

2. The Court of Criminal Appeals has continued to adhere to *Victory. McKenzie v. State,* 617 S.W.2d 211 (Tex.Crim.App.1981); *Ex Parte Santellana,* 606 S.W.2d 331 (Tex.Crim.App. 1980). See also: *Phillips,* 597 S.W.2d at 934, where the Court distinguished *Victory,* but did not overrule the holding.