Robert DUWE, Appellant,

v.

The STATE of Texas, Appellee.

No. 60272.

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 22, 1982.

James M. Beauchamp, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Calvin A. Hartmann and Gordon Dees, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for indecency with a child. V.T.C.A. Penal Code, Sec. 21.11. After the jury found appellant guilty, the court assessed punishment at ten years.

At the outset, we are confronted with unassigned error which requires reversal. Appellant was prosecuted under a two-count indictment. The first count alleged rape of a child while the second count alleged indecency with a child. The State elected to proceed under the second count which alleged in pertinent part:

"And the Grand Jury further represents that in Harris County, Texas, Robert Duwe, hereafter styled the Defendant, on or about August 30, 1977, did then and there unlawfully, knowingly and intentionally and *with intent to arouse and gratify his sexual desire,* engage in sexual contact with K——— J——— H———, a female under the age of seventeen years and not the spouse of the Defendant, by touching the genitals of the said K——— J——— H———." (Emphasis added).

In applying the law to the facts of the case and instructing the jury under what circumstances to convict or acquit, the court charged the jury in the following manner:

"Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Robert Duwe, did, in Harris County, Texas, on or about August 30th, 1977, intentionally engage in sexual contact with K——— J——— H———, who was then and there a child younger than 17 years, and not the defendant's spouse, by touching the genitals of the said K——— J——— H———, you will find the Defendant guilty."

This Court has held that an essential element of the offense of indecency with a child is the "intent to arouse or gratify the sexual desire of any person." *Victory v. State,* 547 S.W.2d 1 (Tex.Cr. App.); *Polk v. State,* 547 S.W.2d 605 (Tex. Cr.App.); *Slavin v. State,* 548 S.W.2d 30 (Tex.Cr.App.); *Wesley v. State,* 548 S.W.2d 37 (Tex.Cr.App.). The jury charge in the instant case failed to include the essential element of "the intent to arouse or gratify the sexual desire of any person." Such an omission of an essential element of the offense renders the charge fundamentally defective in that it authorizes a conviction for conduct which did not constitute a criminal offense. See *Holloway v. State,* 583 S.W.2d 376 (Tex.Cr.App.); *West v. State,* 567 S.W.2d 515 (Tex.Cr.App.); *Thompson v. State,* 574 S.W.2d 103 (Tex.Cr.App.); *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.).

We note that the court's charge required the jury to find that appellant had "sexual contact" with the complainant. The term "sexual contact" was defined in the court's charge as "any touching of the anus or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." If it be urged that in applying the law to the facts the court incorporated by reference the definition of "sexual contact" we note that the indictment alleges appellant engaged in sexual contact, "with intent to arouse and satisfy *his* sexual desire," (emphasis added), while the definition of sexual contact in the jury charge speaks of an "intent to arouse and gratify the sexual desire of *any* person."

We conclude, under these circumstances, that use of the term "sexual contact" in the charging portion of the charge was not sufficient to supply the omitted element as it appeared in the indictment.

The judgment is reversed and the cause is remanded.

McCORMICK, J., dissents.

TEAGUE, Judge, concurring.

I totally agree that this cause should be reversed for the reasons stated by Judge

Davis in his majority opinion. I write only because there may be another trial and the additional reversible errors I have found may be revived on a second trial.

I will not elaborate, but will simply state that in my view the State and the trial court committed reversible error when the trial court permitted the prosecutor to question the appellant's daughter concerning hearsay information that the appellant had implicitly, approximately 4 years prior to the date of the incident in question, sexually molested the daughter. By this record, and in my view, the questions asked, standing alone, constitute reversible error. See *Fentis v. State,* 528 S.W.2d 590, 592 (Tex. Cr.App.1975); *Tippins v. State,* 530 S.W.2d 110, 111 (Tex.Cr.App.1975); *Mounts v. State,* 185 S.W.2d 731 (Tex.Cr.App.1945); *Sensabaugh v. State,* 426 S.W.2d 224, 227 (Tex.Cr.App.1968); *Lamm v. State,* 94 Tex. Cr.R. 560, 252 S.W. 535 (1923).

I also find that the State and the trial judge committed reversible error when the trial judge permitted the prosecutor to elicit hearsay and remote testimony from the witness Hunt. See *Roman v. State,* 503 S.W.2d 252 (Tex.Cr.App.1974).

I, therefore, strongly suggest, in the event of a retrial, that the prosecutor handling this cause closely examine the record of appeal in this cause in order that the same errors that occurred in this cause will not reoccur.