AVILA 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-93-00496-CR







Jesus Ramirez Avila, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0932992, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







 Appellant Jesus Ramirez Avila was convicted of indecency with a child in a
bench trial. Act of May 29, 1987, 70th Leg., R.S., ch. 1028, § 1, 1987 Tex. Gen. Laws
3474 (Tex. Penal Code Ann. § 21.11, since amended) (hereinafter "Former Penal Code §
21.11"). The court sentenced appellant to twenty years' imprisonment. In two points of error
appellant alleges: (1) that the indictment was defective; and (2) that there is insufficient
evidence that appellant acted with the requisite intent. We will affirm the conviction.



BACKGROUND
 

 On September 26, 1992, fifteen-year-old E. A. invited Fernando Alvarez and
other friends to spend the night at his house while E. A.'s mother was out of town. Appellant,
Fernando's uncle, later appeared at E. A.'s house, although he was not invited. Appellant and
the teenagers consumed beer and wine-coolers throughout the evening. E. A. and appellant
both admitted to being intoxicated.

 Early the next morning, all the visitors left except appellant and Fernando. 
Appellant asked Fernando to sleep in the living room. Appellant and E. A. fell asleep in E.
A.'s bedroom on different beds. When E. A. awoke, he found appellant on his bed and his
own shorts unzipped. Appellant had his hand inside E. A.'s shorts and was manipulating E.
A.'s penis in a way designed to cause E. A. to have an erection. E. A. got up and left the
bedroom immediately.

 When his mother returned, E. A. told her only that appellant had unzipped E.
A.'s pants and had hugged him. A few days later when Sergeant Donovan of the Austin
Police Department took a statement, E. A. first denied that anything had occurred; as their
conversation continued, however, E. A. related all of the troubling events that had taken
place. Appellant testified at trial and admitted that he may have put his arm around E. A. but
denied any inappropriate contact.



DISCUSSION

 Appellant first contends that his indictment was defective because its language
makes it difficult for appellant to discern whether he was charged with a second degree felony
under Former Penal Code section 21.11(a)(1) or a third degree felony under section 21.11(a)(2). 
Former Penal Code section 21.11(a) reads:



A person commits an offense if, with a child younger than 17 years and not his
spouse, whether the child is of the same or opposite sex, he:


(1) engages in sexual contact with the child; or


(2) exposes his anus or any part of his genitals, knowing the child
is present, with intent to arouse or gratify the sexual desire of
any person.



Specifically, appellant complains that the indictment combines the "sexual contact" language from
§ 21.11(a)(1) with the phrase "intent to arouse and gratify the sexual desire of any person"
language from § 21.11(a)(2). The indictment in question alleged that appellant:



did then and there intentionally and knowingly engage in sexual contact with [E.
A.], a child younger than 17 years of age, and not his spouse by then and there
touching the penis of the said [E. A.] with intent to arouse and gratify the sexual
desire of Jesus Ramirez and [E. A.]. 



 Any flaw in the form or substance of an indictment must be raised at trial, or it is
waived on appeal. Studer v. State, 799 S.W.2d 263, 273 (Tex. Crim. App. 1990). Because
appellant failed to object to defects in his indictment, he has waived his right to complain of this
issue. Moreover, even if appellant had preserved error, the indictment clearly alleged that
appellant engaged in sexual contact with a child. The Penal Code defines sexual contact as "any
touching of the anus, breast, or any part of the genitals of another person with intent to arouse or
gratify the sexual desire of any person." Tex. Penal Code Ann. § 21.01(2) (West 1994). (1) The
court of criminal appeals has held that the specific intent for sexual contact is an essential element
of the offense which must be averred in the indictment. Victory v. State, 547 S.W.2d 1, 3 (Tex.
Crim. App. 1976). The indictment clearly follows the statutory elements of indecency with a
child by sexual contact. Appellant's first point of error is overruled.

 Appellant's second point of error alleges that there is insufficient evidence that he
acted with the intent to arouse and gratify the sexual desire of himself and the victim. Appellant
has cited only cases which discuss the legal sufficiency standard. See Martinets v. State, 884
S.W.2d 185, 188-89 (Tex. App.--Austin 1994, no pet.). The critical inquiry on review of the legal
sufficiency of the evidence to support a criminal conviction is whether the record evidence could
reasonably support a finding of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). This Court
does not ask whether it believes that the evidence at trial established guilt beyond a reasonable
doubt. Instead, the relevant question is whether, after viewing the evidence in the light most
favorable to the prosecution, any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. Id. 

 The evidence shows that appellant and the victim fell asleep in the same room but
in different beds. When the victim awoke, his pants were unzipped and appellant's hand was
manipulating the victim's penis. It has long been held that intent can be inferred from the conduct
of the accused and the surrounding circumstances. Bowles v. State, 550 S.W.2d 84, 85-86 (Tex.
Crim. App. 1977). Clearly, a rational trier of fact could infer from appellant's conduct and the
surrounding circumstances that appellant intended to arouse and gratify the sexual desire of
himself and the victim. Appellant's second point of error is overruled.

 Having overruled both of appellant's points of error, we affirm the trial court's
judgment of conviction.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: February 15, 1995

Do Not Publish

 
1. [1]  This offense took place before September 1, 1994, and is governed by the law in effect
at the time the offense was committed. Penal Code, 67th Leg., R.S., ch. 96, § 3, 1981 Tex.
Gen. Laws 203. Because the code amendments effective September 1, 1994 have no
substantive effect on this definition, the current code is cited for the sake of convenience.