**Stephen Kyle PRICE, Appellant**

v.

**STATE of Texas, Appellee.**

**No. 11–95–039–CR.**

Court of Appeals of Texas, Eastland.

May 23, 1996.

Rehearing Overruled June 20, 1996.

Stan Brown, Abilene, for appellant.

Jerry D. Ray, District Attorney, Palo Pinto, for appellee.

Before ARNOT, C.J., DICKENSON, J., and McCLOUD,* S.J.

## OPINION

ARNOT, Chief Justice.

The jury convicted Stephen Kyle Price of indecency with a child[1] and assessed his punishment at 20 years confinement and a $10,000 fine.[2] In 12 points of error, appellant argues that the trial court erred in failing to include an element of the offense in the jury charge, that the trial court erred in admitting improper testimony, and that he received ineffective assistance of counsel. We affirm.

The victim, who was 13 years old at the time of the offense, testified that appellant invited her and her 15–year–old brother to his home to go swimming. On the way to appellant's home, appellant kissed the victim on her mouth several times while stopped in a bank parking lot. Appellant went into the bank; and, when he returned, he again kissed the victim on the mouth. When they arrived at appellant's home, appellant assisted the victim in removing her outer clothing. He then proceeded to throw the victim into the pool by lifting her over his head and placing one hand on her breast and one hand on her vagina. Appellant later played games with the victim in the pool in which he would put her legs around his waist and spin her around while placing his hands under her bathing suit touching her vagina and breasts. While teaching the victim how to dive, appellant had the victim sit on his lap in order to critique her dives. Appellant touched the victim's vagina and tried to force her legs apart. The victim testified that she told appellant to stop this behavior. The victim said that appellant told her that he thought she was his 19–year–old girlfriend and that this was how they "did it." Appellant denied making the statement.

■ In his first point of error, appellant complains that the trial court erred in failing to include an element of the offense in the jury charge. The jury charge defined "sexual contact"[3] but failed to include the defini-

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. TEX.PENAL CODE ANN. § 21.11 (Vernon 1994) defines the offense and provides that it is a felony of the second degree.

2. TEX.PENAL CODE ANN. § 12.33 (Vernon 1994) provides that a person convicted of a felony of the second degree shall be punished by imprisonment for not more than 20 years nor less than 2 years. In addition to confinement, an optional fine not to exceed $10,000 may be assessed.

3. Sexual contact means any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person. TEX.PENAL CODE ANN. § 21.01(2) (Vernon 1994).

tion in the application paragraph. Appellant's trial counsel did not object to the charge.

In order to obtain a reversal when no proper objection to the jury charge was made at trial, appellant must show that the error was so egregious and created such harm that he did not have a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr.App.1984). The degree of harm must be evaluated:

[I]n light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.

The entire jury charge reflects that the requisite intent was required to convict appellant of indecency with a child. In the section immediately preceding the application paragraph, the charge defined sexual contact as "any touching of the anus, breasts or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." The application paragraph authorized the jury to convict appellant upon finding beyond a reasonable doubt that appellant did "intentionally or knowingly engage in sexual contact with [the victim]." The application paragraph also allowed the jury to find appellant guilty as charged in the indictment. The indictment included the language "with the intent to arouse and gratify [appellant's] sexual desire."

The record indicates that appellant's intent was in issue from the very beginning of the trial. During voir dire and in opening statements, the State and appellant's trial attorney both informed the jury that they must find that appellant acted with the intent to arouse and gratify his own sexual desire in order to return a conviction. Appellant's theory throughout the trial was that any touching of the victim was accidental and occurred without the requisite intent. The jury heard appellant's statement in which he admitted touching the victim but indicated that his "hands slipped." The victim and her brother testified to numerous occasions of inappropriate behavior that related to appellant's intent. Viewing the record as a whole, any error in the application paragraph did not amount to egregious harm such that appellant did not receive a fair trial. While we find the facts in *Duwe v. State*, 642 S.W.2d 804 (Tex.Cr.App.1982), to be similar, *Duwe* was decided prior to *Almanza* and is not controlling. Appellant's first point of error is overruled.

■ In his third point of error, appellant complains that the trial court erred in admitting improper testimony. Gail Elizabeth McDaniel, a therapist for Hope, Inc. who specializes in adolescence and children, testified that she counseled the victim every week for seven months. On direct examination of McDaniel by the prosecutor, the following exchange occurred:

Q: And from that did you gain a professional picture of the alleged circumstances under which the events would have transpired.

A: Yes, I did.

Q: And based upon what you know about [the victim], would she have been the kind of child that would have known exactly what to do and then performed accordingly?

A: No.

Q: Based upon your examinations and observations of her, is she a true victim of this kind of evidence?

A: Yes.

Appellant argues that this testimony improperly bolstered the victim's truthfulness and was impermissible under *Yount v. State*, 872 S.W.2d 706 (Tex.Cr.App.1993).

■ TEX.R.CRIM.EVID. 702 does not permit an expert to give an opinion that the complainant or class of persons to which the complainant belongs is truthful. *Yount v. State, supra.* Testimony which assists the jury in determining an ultimate fact is admissible, but expert testimony may not decide an ultimate fact for the jury. *Yount v. State, supra; Duckett v. State*, 797 S.W.2d 906 (Tex.Cr.App.1990), *overruled on other grounds, Cohn v. State*, 849 S.W.2d 817 (Tex. Cr.App.1993). We find that the expert testimony did not comment upon the victim's truthfulness. The prosecutor questioned

McDaniel about the victim's ability to respond appropriately in "nervous situations." The expert's opinion related to the victim's ability to respond to appellant's conduct. The third point of error is overruled.

■ In his sixth point of error, appellant complains that the trial court erred in admitting testimony bolstering what had previously been presented to the jury. Detective Bill Shaw of the Mineral Wells Police Department testified that he and Detective Arenz interviewed appellant and that the conversation was recorded. The tape recording of the statement was admitted into evidence and played for the jury. The court reporter indicated that she could not take down the statement because she could not hear the tape. After the tape concluded, the prosecutor asked Detective Shaw questions clarifying what was heard on the tape. Appellant objected that this testimony bolstered evidence that was before the jury. Appellant also complains that portions of the testimony were inconsistent with the tape.

The court in *Cohn* defined bolstering as:

[A]ny evidence the *sole* purpose of which is to convince the fact finder that a particular witness or source of evidence is worthy of credit, without substantively contributing to make the existence of [a] fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. (Emphasis in original)

Detective Shaw's testimony clarified portions of the tape. The testimony did not "bolster" any evidence before the jury. Any inconsistencies between the tape and Detective Shaw's testimony were slight and were explained on cross-examination.

However, even if the testimony was inadmissible, we find beyond a reasonable doubt that the testimony did not contribute to appellant's conviction or punishment. TEX. R.APP.P. 81(b)(2); *Harris v. State*, 790 S.W.2d 568 (Tex.Cr.App.1989). Appellant's sixth point of error is overruled.

■ In Points of Error Nos. 2, 4, 5, and 7 through 12, appellant argues that he received

ineffective assistance of counsel. Appellant contends that his trial counsel was deficient in failing to object to (1) the omission of the definition of sexual contact in the application paragraph of the jury charge, (2) McDaniel stating that she believed the victim was telling the truth, and (3) Detective Shaw testifying that he believed appellant was guilty. Appellant also urges that the cumulative effect of the three instances deprived him of his constitutionally guaranteed right to effective assistance of counsel under both the United States [4] and Texas Constitutions.[5]

■ In reviewing a claim of ineffective assistance of counsel, we must apply an objective standard of reasonableness. A defendant making a claim of ineffective assistance of counsel must show that (1) counsel was deficient and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53 (Tex.Cr.App.1986).

■ Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance deficient. *McFarland v. State*, 845 S.W.2d 824, 843 (Tex.Cr.App.1992), *cert. den'd*, 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993). Whether the *Strickland* test has been met is to be judged by the totality of the representation. McFarland v. State, supra. The record reflects that trial counsel conducted extensive cross-examination and made numerous objections on behalf of appellant. Trial counsel's isolated failures, neither individually nor cumulatively, resulted in deficient performance. Regardless, assuming without agreeing that trial counsel was deficient in failing to object in the instances above, appellant has not shown a reasonable probability that, but for the unprofessional errors, the result of the proceedings would have been different.

The victim and her brother testified that appellant touched the victim inappropriately. The victim's mother testified that appellant

---

4.  U.S. CONST. amend. VI.

5.  TEX. CONST. art. I, § 10.

called her after returning the children home from swimming and told her that he had touched the victim and that he had told the victim he was sorry. In his statement played before the jury, appellant stated that he innocently touched the victim and that there were no other adults present at the time to verify his account of the events. Appellant said in his statement that he was joking around when he kissed the victim, that he might like a seventeen-year-old or an eighteen-year-old, but that he would not "stoop that low, to a fourteen year old."

Appellant contends that the Texas Constitution provides greater protection than the United States Constitution, citing *Heitman v. State*, 815 S.W.2d 681 (Tex.Cr.App. 1991). However, the Texas constitutional and statutory provisions do not provide any greater protection than the federal provisions. See *Butler v. State*, 872 S.W.2d 227 (Tex.Cr.App.1994), *cert. den'd*, — U.S. —, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995); *Hernandez v. State, supra.* Appellant's Points of Error Nos. 2, 4, 5, and 7 through 12 are overruled.

The judgment of the trial court is affirmed.