11th
Court of Appeals

 Eastland,
Texas

            Opinion

 

Carl Dolan

Appellant

Vs.
      No.
11-00-00306-CR  -- Appeal from Grayson
County

State of Texas

Appellee

 

After a jury convicted Carl Dolan of
aggravated sexual assault,[1]
it assessed his punishment at confinement for life.[2]  We affirm the conviction.

 Issues
on Appeal

Appellant presents four issues[3]
for appellate review.  He argues: (1)
that his appointed trial counsel was ineffective because he allowed the State
to introduce Aimproper character testimony@ about complainant; (2) that the evidence was
Alegally@ and Afactually@ insufficient to support his conviction; (3) that his appointed trial
counsel was ineffective because he permitted the State=s expert witness to give an opinion that
complainant was telling the truth; and (4) that the trial court abused its
discretion by permitting the State to use an expert witness who had been in the
courtroom in violation of TEX.R.EVID. 614. 
First, we will discuss the sufficiency of the evidence.  Next, we will discuss both issues which
claim ineffective assistance of counsel. 
Then, we will consider whether the trial court=s failure to exclude the State=s expert witness (who had heard testimony of
other witnesses) is an error which should be disregarded under TEX.R.APP.P.
44.2(b).

 

 

 








 Sufficiency
of Evidence

Jackson v. Virginia, 443 U.S. 307 (1979),
states the test[4] which
we will use to review appellant=s claim that the evidence is Alegally@ insufficient to support his conviction.  The test[5]
stated in Wilson v. State, 7 S.W.3d 136, 141 (Tex.Cr.App.1999), will be used to
review appellant=s claim that the evidence is Afactually@ insufficient to support the conviction.

Complainant was the only person who was in
the dark bedroom at the time of the offense who testified at appellant=s trial.[6]  Complainant testified on direct examination
by the assistant county attorney about the incident which occurred in the early
morning hours of June 1, 1999, at her aunt=s house in Grayson County when she was 15 years old. 

Complainant, her mother, and her mother=s boyfriend were visiting complainant=s aunt and her aunt=s son. 
Appellant joined them at the aunt=s house, and they all watched television until complainant=s mother left with her boyfriend and
appellant.  After her cousin went to
bed, complainant and her aunt watched television.  They were on separate couches, and both of them went to sleep. At
some point during the night, complainant got up and went to her aunt=s bedroom. 
Complainant said that she was asleep when her mother and the two men
returned and that she was in the bedroom by herself until Asomething@ woke her up; she testified that Asomeone@ was touching the top of her head, running his
fingers through her hair, and sitting beside her on the bed.  When that person said: AI came to see you,@ she recognized the voice; she said that she
had heard that voice Aa lot
of times@ and knew that it was appellant=s voice. 
When she asked appellant why he had come to see her, he said: AFor sex.@








Her testimony on direct examination reads in
part as shown:

Q: And what happened then?

 

A: He put a knife to my neck and told me if I
made a noise, that he would stab me in the neck.

 

 *   *  
*

 

Q: Did he put his penis inside your
vagina?  

 

A: Yes.

 

 *   *  
*

 

Q: Did he force his penis inside your mouth?

 

A: Yes.

 

 *   *  
*

 

Q: Did he say anything else to you?

 

A: He told me if I told anybody, he would
kill me and then if he didn=t, his son would.

 

Q: Did you believe him?

 

A: Yes.

 

Complainant=s testimony is both Alegally@ and Afactually@
sufficient to support appellant=s conviction.  Margraves v.
State, supra; Wilson v. State, supra. 
Issue No. 2 is overruled.

 Assistance
of Counsel

Appellant cites Strickland v. Washington, 466
U.S. 668, 694 (1984), and Hernandez v. State, 726 S.W.2d 53, 55
(Tex.Cr.App.1986), in connection with both issues relating to his claim of
ineffective assistance of counsel in the trial court.  The law is clear that, in order to get a new trial, appellant
must show not only a Adeficient@ performance by trial counsel but also:

[T]here is a 
reasonable probability that, but for counsel=s unprofessional errors, the result of the
proceeding would have been different.  A
reasonable probability is a probability sufficient to undermine confidence in
the outcome.








Appellant complains in Issue No. 1 that his
trial counsel was ineffective because he allowed the State to introduce Aimproper character testimony@ about complainant.  In his brief, appellant complains that his trial counsel did not
object to testimony by three of complainant=s relatives.  Her mother
testified that complainant was an Ahonest child@ and
that she was not the kind of kid that Asays bad things about people that aren=t true.@  Her
aunt testified that complainant had always been an Ahonest person.@  Her grandmother testified that
complainant was not the kind of kid Athat tells lies about people.@  Appellant complains that the
questions to these three relatives Awere not proper under TEXAS RULE OF EVIDENCE 608(a)(1).@ 
Appellant=s trial counsel had attacked complainant=s credibility in his opening statement to the
jury, and TEX.R.EVID. 608 permits opinion testimony supporting the credibility
of a witness after it has been attacked. 
Even if appellant=s trial counsel had been able to exclude the testimony, complainant=s unrebutted testimony[7]
would have probably caused the jury to convict appellant of the aggravated
sexual assault.  Consequently, there is
no Areasonable probability@ that the result of the proceeding would have
been different.  Strickland v.
Washington, supra.  Issue No. 1 is
overruled.

Appellant complains in Issue No. 3 that his
trial counsel was ineffective because he permitted the State=s expert witness to give an opinion that complainant
was telling the truth. The actual testimony of the expert witness which is
quoted in appellant=s
brief reads in full as shown:

Q: Has [complainant] consistently given you
the same, I hate to use the word Astory,@ but the same account of what happened to her
on June the first of 1999?

 

A: Yes, she has.

 

Q: Is that something that you look for?

 

A: Well, to a certain degree.  Just common sense would tell you that if
someone tells you the exact same story every time, that is not normal.  You would look for some minor
inconsistencies.  But you would expect
the major details of the account to remain consistent over time and in her case
it has.       

 








The expert witness was Cynthia
Martin-Cannici, Ph.D., a clinical psychologist who testified that complainant
was having severe problems in functioning, was unable to sleep, was having
nightmares, and was frightened of incidents that normally would not have been
frightening.  Dr. Cannici expressed the
opinion that complainant had Apost traumatic stress disorder@ and gave the reasons for that opinion.  Her testimony explained how she had Aruled out@ malingering in making this diagnosis, and she gave her opinion that
complainant=s Asymptoms were genuine@ and that her Apresentation
was genuine.@  The
testimony about which appellant complains did not cross the line drawn by Cohn
v. State, 849 S.W.2d 817, 819-20 (Tex.Cr.App.1993).  See also Price v. State, 923 S.W.2d 214, 216-17 (Tex.App. -
Eastland 1996, pet=n ref=d). 
Issue No. 3 is overruled.

 Rule
for Exclusion of Witnesses

When the State called its expert witness to
testify, appellant=s
trial counsel objected because she Adid not leave the courtroom@ and because there has Anever been a showing that she was essential to the State=s case.@  Appellant cited Rule 614 which
provides in part:

At the request of a party the court shall
order witnesses excluded so that they cannot hear the testimony of other
witnesses, and it may make the order of its own motion.  This rule does not authorize exclusion
of:...(3) a person whose presence is shown by a party to be essential to the
presentation of the party=s cause.

 








Appellant cites White v. State, 958 S.W.2d
460 (Tex.App. - Waco 1997, no pet=n), for his contention.  In that
case, the trial court refused to exclude a Texas Ranger from the courtroom when
the Rule for exclusion of witnesses[8]
was requested.  The Waco Court of
Appeals held in White that the trial court failed to properly exercise
its discretion under that Rule by exempting the witness from the Rule without a
Ashowing@ that the witness was essential to the presentation of the State=s case. 
We note that White cites and follows Barnhill v. State, 779
S.W.2d 890, 892-93 (Tex.App. - Corpus Christi 1989, no pet=n). 
In Barnhill, the Corpus Christi Court of Appeals found that the
trial court abused its discretion in exempting a deputy sheriff from the Rule,
but the Corpus Christi Court also found that the error was not a Areversible error.@  In
the case now before us, we find that the trial court should have required a Ashowing@ that the witness was essential to the presentation of the State=s case before permitting her to remain in the
courtroom.  However, the witness was not
placed under the rule, and she did not violate the rule by remaining in the
courtroom.  Also, her testimony did not
refer to the testimony which she heard. 
The expert gave her professional opinion as to complainant=s psychological problems resulting from the
sexual assault.  The error in permitting
this witness to remain in the courtroom should be disregarded under Rule
44.2(b).  See and compare Barnhill v.
State, supra.  Issue No. 4 is
overruled.  

 This
Court=s Ruling

The judgment of the trial court is affirmed.

 

BOB DICKENSON

SENIOR JUSTICE

 

September 20, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Wright, J.,
and 

McCall, J., and Dickenson, S.J.[9]

 











[1]The indictment charged that complainant was younger
than 17 years of age, that appellant placed her in fear of death or serious
bodily injury, and that a deadly weapon was used.  See TEX. PENAL CODE ANN. '
22.021 (Vernon Supp. 2001).





[2]The indictment alleged, and the proof showed, that
appellant had a prior felony conviction for murder.  See TEX. PENAL CODE ANN. '
12.42(c) (Vernon Supp. 2001).





[3]See TEX.R.APP.P. 38.1(e).





[4]This test is:  AWhether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.@  (Emphasis in
original)  See also Margraves v. State,
34 S.W.3d 912, 917-19 (Tex.Cr.App.2000), which follows the Jackson rule
and which also notes that the jury is the Aexclusive
judge of the credibility of witnesses and of the weight to be given their
testimony@ and that the jury may Achoose
to believe some testimony and disbelieve other testimony.@





[5]This test is whether the verdict is Aso contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust.@  (Emphasis added)  See Clewis v. State, 922 S.W.2d 126, 129 (Tex.Cr.App.1996).  





[6]The jury was instructed:  

 

In this case, the defendant has elected not to testify,
and you are instructed that you cannot and must not refer to or allude to that
fact throughout your deliberations or take it into consideration for any
purpose whatsoever as a circumstance against the defendant.

 

Even so, the jury was free to
believe complainant=s uncontradicted testimony about what happened to her
that night.





[7]Appellant=s
counsel on appeal states in appellant=s
brief that, although his trial counsel cross-examined complainant for
approximately 25 pages, her Atestimony on
direct examination was not impeached.@





[8]At that time, it was TEX.R.CRIM.EVID. 613; it is now
TEX.R.EVID. 614.





[9]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.