11th Court of Appeals








11th
Court of Appeals

Eastland,
Texas

Opinion

 

Stacy Wayne James

Appellant

Vs.                   No.
11-00-00172-CR  B Appeal from Baylor County

State of Texas

Appellee

 

The
jury convicted appellant of the state jail felony of theft over $1,500 and
under $20,000.  Appellant elected to
have his punishment set by the court. 
The court assessed his punishment at 18 months confinement.  We affirm.

In
his only point of error on appeal, appellant asserts that his trial counsel Awas ineffective at the
punishment stage because he did not plead or prove the appellant=s eligibility for
probation.@ Appellant=s trial counsel did not
file a pretrial application for community supervision.  TEX. CODE CRIM. PRO. ANN. art. 27.02(6)
(Vernon 1989).  However, because
appellant elected to have the trial court, instead of a jury, decide his
punishment, no pretrial application for community supervision was
necessary.  TEX. CODE CRIM. PRO. ANN.
art. 42.12(3), ' 3
(Vernon Supp. 2002).  It is a
discretionary decision for a judge to place an individual on community
supervision when it is Ain
the best interest of justice, the public, and the defendant.@  Article 42.12, section 3(a).

In
the punishment hearing before the court, the State established that appellant
was currently under community supervision for a misdemeanor theft offense.
Although appellant put on no witnesses at the punishment phase, counsel for
appellant requested the court to consider community supervision for two years
as punishment for the offense.  The
State argued that it would be a Amiscarriage
of justice@ for
appellant to receive community supervision and requested the trial court to
sentence appellant to the maximum punishment of 2 years confinement in a state
jail facility and impose a $10,000 fine. 









In
order to show that trial counsel was ineffective, appellant must identify the
acts or omissions which were not the result of reasonable, professional
assistance.  Strickland v. Washington,
466 U.S. 668, 696 (1984).  The reviewing
court must apply an objective standard of reasonableness in reviewing an
ineffective assistance of counsel claim. 
Strickland v. Washington, supra at 690; Price v. State, 923 S.W.2d 214,
217 (Tex.App. B
Eastland 1996, pet=n
ref=d).  An appellant making an ineffective
assistance of counsel claim must show that counsel was deficient and acted
outside the wide range of competent assistance and that there is a reasonable
probability a different decision would have been reached in the absence of
counsel=s
unprofessional errors.  Strickland v.
Washington, supra at 690, 696; Price v. State, supra at 217.  The reviewing court looks at the totality of
the representation in reviewing a claim of ineffective assistance of
counsel.  McFarland v. State, 845 S.W.2d
824, 843 (Tex.Cr.App.1992), cert. den=d,
508 U.S. 963 (1993).

Trial
counsel failed to file a pretrial application for community supervision;
however, an application was not required in this case.  Trial counsel argued that the trial court
should consider community supervision rather than state jail time.  The record does not reflect that the totality
of trial counsel=s
representation was deficient, unreasonable, or incompetent.  In addition, appellant has not shown a
reasonable probability that the trial court would have made a different
decision regarding his punishment in the absence of his trial counsel=s unprofessional
errors.  Appellant has not met the
standard required to show ineffective assistance of counsel at the punishment
phase of trial.

The
judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE                                                                                 

March 28, 2002

Do not
publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Wright, J.,
and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.