**Opinion filed February 11, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00090-CR

_____

## RODERICK DAMON MILES, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 2nd District Court**
**Tarrant County, Texas**
**Trial Court Cause No. 1118577D**

### M E M O R A N D U M   O P I N I O N

A jury found Roderick Damon Miles guilty of the offense of possession of a controlled substance, namely cocaine, of less than one gram. Miles pleaded true to an enhancement allegation related to a prior conviction for possession of a controlled substance. The trial court sentenced him to eight years confinement. We affirm.

While Officer Mark Richard Schneider was patrolling the area around the Stop and Save Food Mart – an area known for its high criminal activity – he saw Miles and a woman talking in the parking lot of the Stop and Save. Officer Schneider knew that the woman was a drug addict. When Officer Schneider pulled up to the convenience store, Miles and the woman turned their backs to each other and began to walk away. Officer Schneider went up to Miles, asked for his

identification, and asked if Miles would consent to a search of his person. Miles consented to the search, but when Officer Schneider reached into Miles's front right pocket, Miles made a fist, hit Officer Schneider's hand, turned, and assumed a fight stance. Officer Schneider reached for his Taser, but Miles began running away. Officer Schneider chased after Miles and saw him throw a white bag into the gutter by the street. After a chase, Officer Schneider apprehended Miles. Officer Schneider then recovered the white bag that Miles had thrown away. The bag was found to contain .67 grams of cocaine.

Miles filed a motion to suppress the evidence obtained at the scene. He argued that it was obtained as a result of an illegal search and seizure. The trial court denied the motion to suppress. Miles pleaded not guilty to the offense and proceeded to a jury trial.

In Miles's first issue on appeal, he argues that the trial court erred when it denied his motion to suppress. In his second issue, Miles argues that he received ineffective assistance of counsel because his counsel failed to request an instruction in the jury charge on the legality of the stop, the search, and the seizure of evidence.

We review a trial court's ruling on a motion to suppress for an abuse of discretion, applying a bifurcated standard of review. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). The bifurcated standard requires that we give great deference to the trial court's findings of historical facts supported by the record and to mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Herrera v. State*, 241 S.W.3d 520, 526-27 (Tex. Crim. App. 2007). However, we review de novo the trial court's determination of the law and its application of law to facts that do not turn on an evaluation of credibility and demeanor. *Id*. at 527; *Davila v. State*, 4 S.W.3d 844, 847-48 (Tex. App.—Eastland 1999, no pet.). We view the evidence in the light most favorable to the trial court's ruling. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).

The Fourth Amendment guarantees people the right to be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. An encounter with law enforcement does not always implicate the Fourth Amendment. *Florida v. Bostick*, 501 U.S. 429, 434 (1991). Police may approach a person on the street or in a public place to ask questions or ask for identification even if they have no basis for suspecting a particular individual of a crime. *United States v. Drayton*, 536 U.S. 194, 200-01 (2002). Police officers may ask questions of an individual, ask to see identification, or request

consent to search as long as the officer does not convey the message that compliance with their request is required. *State v. Velasquez*, 994 S.W.2d 676, 678 (Tex. Crim. App. 1999); *Hunter v. State*, 955 S.W.2d 102, 104 (Tex. Crim. App. 1997).

In this case, the Fourth Amendment is not implicated. Officer Schneider approached Miles and asked him for identification and for consent to search his person. Officer Schneider testified that Miles was free to leave. Miles consented to the search of his person. This was a consensual police/citizen encounter and was not a violation of Miles's Fourth Amendment rights.

Further, even if the Fourth Amendment was implicated, Officer Schneider articulated facts supporting a reasonable suspicion that criminal activity was afoot. Officer Schneider testified that there had been at least two robberies in the recent past involving the convenience store where the incident occurred. He also testified that the owner of the convenience store had requested that the police provide extra patrolling in the area due to the high-crime activity. Officer Schneider observed Miles talking to a known cocaine addict, and he also observed Miles and the known cocaine addict acting suspiciously when he drove up. These facts provided Officer Schneider reasonable suspicion to detain Miles for a *Terry* stop. *See Terry v. Ohio*, 392 U.S. 1, 21 (1968). An officer may conduct a brief investigative detention when he has reasonable suspicion to believe that an individual is involved in criminal activity. *Id.* Further, once Miles hit Officer Schneider's hand and assumed a fight stance, an offense had occurred providing probable cause to arrest. The trial court did not err when it denied Miles's motion to suppress, and we overrule his first issue on appeal.

Miles next argues that he received ineffective assistance of counsel because his counsel failed to request an instruction in the jury charge on the legality of the stop, the search, and the seizure of the evidence. In order to show that trial counsel was ineffective, Miles must show that counsel's performance was deficient and that counsel acted outside the wide range of competent assistance. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Miles must also show that there is a reasonable probability that a different result would have been reached but for counsel's unprofessional errors. *Id*. at 696. As the reviewing court, we look at the totality of the representation and apply an objective standard of reasonableness. *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992); *Price v. State*, 923 S.W.2d 214, 217 (Tex. App.—Eastland 1996, pet. ref'd). There is a strong presumption that counsel's conduct could be considered sound trial strategy. *Strickland*, 466 U.S. at 688-89. Consequently, allegations of

3

ineffective assistance must be founded firmly in the record. *Hawkins v. State*, 660 S.W.2d 65, 75 (Tex. Crim. App. 1983). Direct appeal is usually an inadequate avenue for raising an ineffective assistance of counsel claim because the record is generally undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Trial counsel should be afforded the opportunity to explain his actions before being denounced as ineffective. Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003).

In this case, Miles filed a motion for new trial, but the trial court did not conduct a hearing and the motion was overruled by operation of law. Therefore, the record is not developed enough to overcome the presumption that counsel's actions were sound trial strategy. There are various reasons counsel may not have asked for a jury instruction on the legality of the stop and search, and we will not engage in a hindsight review. *See Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991).

Furthermore, Miles would not be entitled to a jury instruction on the legality of the stop and search even if he had requested one. TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2005) provides:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

The trial court is required to include an instruction only if the trial evidence raised a factual issue concerning whether the evidence was obtained in violation of the Federal Constitution or the Texas Constitution or any law. *Bell v. State*, 938 S.W.2d 35, 48 (Tex. Crim. App. 1996). The trial evidence did not raise a factual dispute concerning the legality of the search. The evidence showed that Officer Schneider approached Miles in the parking lot of the convenience store, asked him for identification, and asked him if he would consent to a search of his person. As discussed above, this is a consensual police/citizen encounter and does not implicate the Fourth Amendment or the laws of the State of Texas regarding proper search and seizure. Because there

was not a factual dispute regarding the legality of the search and seizure of evidence, Miles's counsel did not err in failing to request a jury instruction. Miles did not receive ineffective assistance of counsel, and we overrule his second issue on appeal.

The trial court's judgment is affirmed.


JIM. R. WRIGHT
CHIEF JUSTICE


February 11, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.