Opinion filed February 11,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00090-CR

                                                    __________

 

                            RODERICK
DAMON MILES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                    On
Appeal from the 2nd District Court

                                                          Tarrant
County, Texas

                                                  Trial
Court Cause No. 1118577D

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            A
jury found Roderick Damon Miles guilty of the offense of possession of a
controlled substance, namely cocaine, of less than one gram.  Miles pleaded
true to an enhancement allegation related to a prior conviction for possession
of a controlled substance.  The trial court sentenced him to eight years
confinement.  We affirm. 

            While
Officer Mark Richard Schneider was patrolling the area around the Stop and Save
Food Mart – an area known for its high criminal activity – he saw Miles and a
woman talking in the parking lot of the Stop and Save.  Officer Schneider knew
that the woman was a drug addict.  When Officer Schneider pulled up to the
convenience store, Miles and the woman turned their backs to each other and
began to walk away.  Officer Schneider went up to Miles, asked for his
identification, and asked if Miles would consent to a search of his person.  Miles
consented to the search, but when Officer Schneider reached into Miles’s front
right pocket, Miles made a fist, hit Officer Schneider’s hand, turned, and
assumed a fight stance.  Officer Schneider reached for his Taser, but Miles
began running away.  Officer Schneider chased after Miles and saw him throw a
white bag into the gutter by the street.  After a chase, Officer Schneider
apprehended Miles.  Officer Schneider then recovered the white bag that Miles had
thrown away.  The bag was found to contain .67 grams of cocaine.

            Miles
filed a motion to suppress the evidence obtained at the scene.  He argued that
it was obtained as a result of an illegal search and seizure.  The trial court
denied the motion to suppress.  Miles pleaded not guilty to the offense and
proceeded to a jury trial.

            In Miles’s
first issue on appeal, he argues that the trial court erred when it denied his
motion to suppress.  In his second issue, Miles argues that he received
ineffective assistance of counsel because his counsel failed to request an
instruction in the jury charge on the legality of the stop, the search, and the
seizure of evidence. 

            We
review a trial court’s ruling on a motion to suppress for an abuse of
discretion, applying a bifurcated standard of review.  St. George v. State,
237 S.W.3d 720, 725 (Tex. Crim. App. 2007).  The bifurcated standard requires
that we give great
deference to the trial court’s findings of historical facts supported by the
record and to mixed questions of law and fact that turn on an evaluation of credibility
and demeanor.  Herrera v. State, 241 S.W.3d 520, 526-27 (Tex. Crim. App.
2007).  However, we review de novo the
trial court’s determination of the law and its application of law to facts that
do not turn on an evaluation of credibility and demeanor. Id. at 527; Davila
v. State, 4 S.W.3d 844, 847-48 (Tex. App.—Eastland 1999, no pet.).  We view
the evidence in the light most favorable to the trial court’s ruling.  Carmouche
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).                 


            The
Fourth Amendment guarantees people the right to be “secure in their persons,
houses, papers, and effects, against unreasonable searches and seizures.”  U.S. Const. amend. IV. An
encounter with law enforcement does not always implicate the Fourth Amendment. 
Florida v. Bostick, 501 U.S. 429, 434 (1991).  Police may approach a
person on the street or in a public place to ask questions or ask for identification
even if they have no basis for suspecting a particular individual of a crime.  United
States v. Drayton, 536 U.S. 194, 200-01 (2002).  Police officers may ask
questions of an individual, ask to see identification, or request consent to
search as long as the officer does not convey the message that compliance with
their request is required.  State v. Velasquez, 994 S.W.2d 676, 678
(Tex. Crim. App. 1999); Hunter v. State, 955 S.W.2d 102, 104 (Tex. Crim.
App. 1997).   

            In this case, the Fourth
Amendment is not implicated.  Officer Schneider approached Miles and asked him
for identification and for consent to search his person.  Officer Schneider
testified that Miles was free to leave.  Miles consented to the search of his
person.  This was a consensual police/citizen encounter and was not a violation
of Miles’s Fourth Amendment rights.

            Further, even if the Fourth
Amendment was implicated, Officer Schneider articulated facts supporting a
reasonable suspicion that criminal activity was afoot.  Officer Schneider
testified that there had been at least two robberies in the recent past
involving the convenience store where the incident occurred.  He also testified
that the owner of the convenience store had requested that the police provide
extra patrolling in the area due to the high-crime activity.   Officer Schneider
observed Miles talking to a known cocaine addict, and he also observed Miles
and the known cocaine addict acting suspiciously when he drove up.  These facts
provided Officer Schneider reasonable suspicion to detain Miles for a Terry stop. 
See Terry v. Ohio, 392 U.S. 1, 21 (1968).  An officer may conduct a
brief investigative detention when he has reasonable suspicion to believe that
an individual is involved in criminal activity.  Id.  Further, once Miles
hit Officer Schneider’s hand and assumed a fight stance, an offense had
occurred providing probable cause to arrest.  The trial court did not err when
it denied Miles’s motion to suppress, and we overrule his first issue on
appeal.  

            Miles next argues that he received
ineffective assistance of counsel because his counsel failed to request an
instruction in the jury charge on the legality of the stop, the search, and the
seizure of the evidence.  In order to show that trial counsel was ineffective, Miles
must show that counsel’s performance was deficient and that counsel acted
outside the wide range of competent assistance.  Strickland v. Washington,
466 U.S. 668, 690 (1984).  Miles must also show that there is a reasonable
probability that a different result would have been reached but for counsel’s
unprofessional errors.  Id. at 696.  As the reviewing court, we look at
the totality of the representation and apply an objective standard of
reasonableness. McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App.
1992); Price v. State, 923 S.W.2d 214, 217 (Tex. App.—Eastland 1996,
pet. ref’d).  There is a strong presumption that counsel’s conduct could be
considered sound trial strategy.  Strickland, 466 U.S. at 688-89.  Consequently,
allegations of ineffective assistance must be founded firmly in the record. Hawkins
v. State, 660 S.W.2d 65, 75 (Tex. Crim. App. 1983).  Direct appeal is
usually an inadequate avenue for raising an ineffective assistance of counsel
claim because the record is generally undeveloped.  Goodspeed v. State,
187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  Trial counsel should be afforded
the opportunity to explain his actions before being denounced as ineffective.  Absent
such an opportunity, an appellate court should not find deficient performance
unless the challenged conduct was so outrageous that no competent attorney
would have engaged in it.  Rylander v. State, 101 S.W.3d 107, 110-11
(Tex. Crim. App. 2003).  

            In this case, Miles filed a
motion for new trial, but the trial court did not conduct a hearing and the
motion was overruled by operation of law.  Therefore, the record is not
developed enough to overcome the presumption that counsel’s actions were sound
trial strategy.  There are various reasons counsel may not have asked for a
jury instruction on the legality of the stop and search, and we will not engage
in a hindsight review.  See Stafford v. State, 813 S.W.2d 503, 506
(Tex. Crim. App. 1991). 

            Furthermore,
Miles would not be entitled to a jury instruction on the legality of the stop
and search even if he had requested one.  Tex.
Code Crim. Proc. Ann. art. 38.23 (Vernon 2005) provides:

            No
evidence obtained by an officer or other person in violation of any provisions
of the Constitution or laws of the State of Texas, or of the Constitution or
laws of the United States of America, shall be admitted in evidence against the
accused on the trial of any criminal case.  

 

            In any
case where the legal evidence raises an issue hereunder, the jury shall be instructed
that if it believes, or has a reasonable doubt, that the evidence was obtained
in violation of the provisions of this Article, then and in such event, the
jury shall disregard any such evidence so obtained.

 

The trial court
is required to include an instruction only if the trial evidence raised a
factual issue concerning whether the evidence was obtained in violation of the Federal
Constitution or the Texas Constitution or any law.  Bell v. State, 938
S.W.2d 35, 48 (Tex. Crim. App. 1996).  The trial evidence did not raise a
factual dispute concerning the legality of the search.  The evidence showed
that Officer Schneider approached Miles in the parking lot of the convenience
store, asked him for identification, and asked him if he would consent to a
search of his person.  As discussed above, this is a consensual police/citizen
encounter and does not implicate the Fourth Amendment or the laws of the State
of Texas regarding proper search and seizure.  Because there was not a factual
dispute regarding the legality of the search and seizure of evidence, Miles’s
counsel did not err in failing to request a jury instruction.  Miles did not
receive ineffective assistance of counsel, and we overrule his second issue on
appeal.

            The
trial court’s judgment is affirmed.

 

 

                                                                                                JIM.
R. WRIGHT

                                                                                                CHIEF
JUSTICE 

 

February 11,
2011

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.