**Steve Eugene SANDERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–83–058–CR.**

Court of Appeals of Texas,
Texarkana.

Aug. 9, 1983.

Harold F. Harris, Temple, for appellant.

Arthur C. Eads, Dist. Atty., Belton, for appellee.

BLEIL, Justice.

Steve Sanders appeals his conviction for attempted aggravated rape. The questions before us concern whether the indictment is fundamentally defective, whether the carving doctrine was violated, and whether the evidence supports the conviction. We resolve these issues in the State's favor and affirm.

During the evening of May 16, 1980, Debra Vela and Michael Chavez stopped at a convenience store in Temple. While there Sanders approached Chavez and asked for a ride to his home, not too far away. Believing Sanders was a former schoolmate Chavez agreed to give him a ride.

After the three left the store Sanders pulled a revolver, put it to Chavez's head, and ordered them to stop the car. At gunpoint, Sanders took $37.00 from Chavez before ordering Debra Vela out of the car. Sanders directed Vela to a spot near a stack

of lumber beneath an underpass: on the way Sanders told Vela that he wanted her. Twice he directed Vela to pull her pants down—the second time threatening to shoot her if she did not comply. During this time Michael Chavez approached, carrying a stick but Sanders ordered him to leave, threatening to shoot Vela otherwise. Following Chavez's return to the automobile and Vela's second refusal to pull her pants down, Sanders left.

## THE INDICTMENT

Initially we address whether the indictment is fundamentally defective because it fails to allege a culpable mental state in the aggravation portion. It alleges that Sanders,

"... did then and there with the specific intent to commit the offense of rape, did then and there intentionally and knowingly attempt to have sexual intercourse with Debra Vela, a female not his wife, without her consent and the said Steve Eugene Sanders attempted to compel the said Debra Vela to submit to the said sexual intercourse by the use of force and threats directed against Debra Vela and did then and there use and exhibit a deadly weapon, to-wit: a handgun".

Tex.Penal Code Ann. § 6.02 (Vernon 1974) provides that ordinarily a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct defined as an offense. Recognizing that the indictment requires that Sanders have intentionally and knowingly attempted to have sexual intercourse with Vela, he argues that the portion of the indictment charging that he attempted to compel submission by use of force and threats and exhibiting a deadly weapon is void because he was not charged with intentionally and knowingly engaging in the acts of compulsion. None of the cases relied upon by Sanders to support his claim that the indictment was fundamentally defective are on point.

■ With regard to indictments charging aggravated rape the case of *Jason v. State*, 589 S.W.2d 447 (Tex.Cr.App.1979), controls

this issue. In that case Jason complained that the indictment alleging aggravated rape of a child was fundamentally defective because it failed, in the aggravating portion, to allege that the accused knowingly and intentionally compelled submission. The court held that the reference to knowingly and intentionally having sexual intercourse carried over to the aggravating portion and included a culpable mental state by implication. We believe this decision to be sound, logical and authoritative. Therefore, we hold that the charge that Sanders intentionally and knowingly attempted to have sexual intercourse carried over a culpable mental state to the aggravation portion of the indictment. The indictment is not fundamentally defective.

## THE CARVING DOCTRINE

Sanders was convicted for aggravated robbery of Michael Chavez and attempted aggravated rape of Debra Vela. Sanders cites cases, for example, *Ex Parte Curry,* 590 S.W.2d 712 (Tex.Cr.App.1979), and *Orosco v. State,* 590 S.W.2d 121 (Tex.Cr.App. 1979), holding that the carving doctrine precluded convictions for aggravated robbery and aggravated rape, where it was shown that both offenses resulted from one continuous assaultive transaction against the same victim. This follows the long-adhered-to rule that the State is allowed to carve out of any criminal transaction only one offense.

■ We resolve this issue against Sanders on two bases. First, because we find the facts in this case involve two separate victims and separate transactions rather than one continual event, we would find that the carving doctrine was not violated. *Phillips v. State,* 597 S.W.2d 929 (Tex.Cr. App.1980); *Waffer v. State,* 504 S.W.2d 408 (Tex.Cr.App.1974). Second, the carving doctrine has now been abandoned in this State. *Ex Parte Mike,* 632 S.W.2d 594 (Tex.Cr.App.1982). Additionally, applying the offense-defining test of the Supreme Court in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), we have determined that there is no double

jeopardy violation in the two convictions—aggravated robbery and attempted aggravated rape.

## EVIDENTIARY SUPPORT

■ We have reviewed the facts to determine whether the State failed to carry its burden to prove each and every element of the offense of attempted aggravated rape. The gist of Sanders' complaint is that the proof was insufficient to show that he had the specific intent to have sexual intercourse with Vela. Sanders complains there is no testimony concerning what he wanted Debra Vela to do, why he wanted her pants off, or for what reason he pulled on her blouse. He says that to allow a finding of attempted rape to stand based on the evidence that he stated that he wanted Vela, took her to an isolated spot, and ordered her to pull her pants down, would be to engage in wild speculation and to impute to him intentions which do not necessarily follow from his words. We find no merit to this position. Intent may be inferred from conduct, remarks and the surrounding circumstances. *Bowles v. State,* 550 S.W.2d 84 (Tex.Cr.App.1977). We find the evidence supports the jury's finding that the defendant was guilty beyond a reasonable doubt as to each and every element of the offense charged.

We affirm the judgment.