**Robert Lee WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–85–0057–CR.**

Court of Appeals of Texas, Amarillo.

Dec. 17, 1985.

Dick Alexander, Lubbock, for appellant.

Jim Bob Darnell, Crim. Dist. Atty., Ruth Cantrell, Asst. Crim. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

Appellant was convicted of aggravated kidnapping, Tex. Penal Code Ann. § 20.-04(a)(4)(Vernon 1974), and sentenced to serve seventy years in the penitentiary and pay a $5000 fine. By a single ground of error, he contends the evidence is insufficient to prove his specific intent to sexually abuse the complainant, which is the aggravating element alleged by the State. Concluding that the evidence supports the judgment, we affirm.

The victim M___ C___, testified to the following sequence of events. Walking home from her boyfriend's house, she observed appellant and two other men. After she ignored the men when one called to her, appellant approached her, displayed a gun and told her to come with him. She went, because he had a gun and because she was afraid. They went into a vacant house and the victim observed a mattress on the floor. Appellant, pointing the gun at her, told her to remove her pants. She refused: "I told him, no, I wasn't going to let him rape me." Appellant responded by asking her if she thought he was playing, and opened the gun to show her that it was loaded. She then jumped through a window and ran away. Appellant pursued her, but she escaped, went to a restroom and cleaned up, then went to her aunt's house and called police. M___ C___ identified appellant in a photographic spread, a lineup, and at trial as her assailant.

In determining whether the evidence is sufficient to support a conviction for the offense charged, the applicable standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). *See also Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983). In applying that standard, we remain aware of two ancillary concepts. First, the jury is the sole judge of the credibility of the witnesses and may accept or reject all or any part of the testimony. *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Crim.App. 1978). Second, it is not necessary that every fact directly and independently point to the accused's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Flores v. State*, 551 S.W.2d 364, 367 (Tex.Crim.App.1977).

The crime of kidnapping becomes aggravated if, in addition to the abduction, the defendant intends to commit one of six other specific acts. Tex.Penal Code Ann. § 20.04(a)(1)–(6) (Vernon 1974); *Phillips v. State*, 597 S.W.2d 929 (Tex.Crim.App. 1980).* Hence, in determining whether aggravation was proved, the inquiry is whether the evidence is sufficient to prove that the abduction was with the specific intent to commit the aggravating element alleged by the State. Intent may, of course, be inferred from acts, remarks and the surrounding circumstances. *Supra* at 936; *Bowers v. State*, 570 S.W.2d 929 (Tex.Crim. App.1978); *Bowles v. State*, 550 S.W.2d 84 (Tex.Crim.App.1977); *Sanders v. State*, 657 S.W.2d 869 (Tex.App.—Texarkana 1983, no pet.).

In this case, appellant took the complainant at gunpoint into a room furnished only with a mattress, instructed her to remove her pants, responded to her assertion that she would not allow him to rape her by asking her if she thought he was joking, showed her the bullets in his gun, and pursued her when she ran from him. That evidence is sufficient for the jury to find that appellant intended to sexually abuse the complainant.

Appellant argues that an analysis of the pertinent case law reveals only four situations where intent sufficient to aggravate the crime can be found from something less than a completed sexual act:

(1) the defendant's exhibition of his or her sex organs. *Sanders v. State*, 605 S.W.2d 612, 614 (Tex.Crim.App.1980).

(2) the defendant's touching of private portions of the victim's body. *Phillips v. State*, 597 S.W.2d 929, 932 (Tex.Crim. App.1980).

---

* The six acts are:
  1. hold the victim for ransom or reward;
  2. use the victim as a shield or hostage;
  3. facilitate the commission of a felony or the flight after the attempt or commission of a felony;
  4. inflict bodily injury on the victim or violate or abuse the victim sexually;
  5. terrorize the victim or a third person; or
  6. interfere with the performance of any governmental or political function.

(3) the defendant's stated desire to engage in a sexual act with the victim. *Prescott v. State,* 610 S.W.2d 760, 761 (Tex.Crim.App.1981).

(4) the defendant's offering of money to the victim in return for sexual cooperation. *Garza v. State,* 632 S.W.2d 823, 828 (Tex.App.—Dallas 1982, pet. granted).

We agree that the events exemplified by the cited cases are evidence of intent sufficient to trigger the aggravating element; we do not, however, endow the list with exclusive status. Any admissible evidence that reveals the intent to do one of the six aggravating events will support the verdict and, the imagination of humans being unlimited, it is futile to attempt to quantify the specific acts that will suffice. Certainly here, from the evidence recited above, the jury could conclude that appellant intended to violate or abuse the victim sexually. Ground of error one is overruled.

The judgment is affirmed.

