Raymundo Elizondo **ALVAREZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14-90-00263-CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 11, 1991.

Discretionary Review Refused Oct. 16, 1991.

James Stafford, Houston, for appellant.

Carmen Falls Hunter, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

On appellant's motion for rehearing, this court's opinion of June 13, 1991, is withdrawn. The following opinion is substituted therefor, and appellant's motion for rehearing is overruled.

Appellant was convicted by a jury of possession of marihuana in a usable quantity of more than two hundred and less than two thousand pounds. The court assessed a sentence of fifteen years in prison and a fine of $1,000.00. In one point of error, appellant alleges insufficient affirmative links to sustain the jury finding that appellant intentionally and knowingly possessed the drugs. We affirm.

Raymundo Elizondo Alvarez was one of a group of Mexican nationals arrested near Houston on January 17, 1989, during the culmination of a three-day undercover and surveillance operation conducted by combined forces of the Department of Public Safety, Texas Rangers and several county sheriff's departments. On January 15 D.P.S. officers were tipped by an informant that a white tanker trailer loaded with contraband would travel from a point near appellant's residence, located outside Rio Grande City, to Houston.

The tanker was spotted and tracked by aircraft and automobiles as it moved along its route throughout the day of January 16. It was followed, preceded or met from time to time by a blue Chevrolet pickup and a red Pontiac automobile. The pickup had originally been observed by officers in the vicinity of appellant's home. Testimony at trial established the pickup was "running counter surveillance" or conducting "heat runs" in an effort to distract the attention of peace officers or to expose their presence along the route. That tactic involved the pickup passing the tanker and proceeding ahead for ten to fifteen miles in order to detect any police surveillance. The pickup would then pull over, wait for the tanker to pass, fall in behind and repeat the operation.

Testimony from several peace officers who participated in the surveillance firmly established appellant's positive identification as a passenger in the pickup during stops made at Freer, Berclaire and Sugar Land. Alvarez was observed the evening of January 16 at the scene of the parked tanker near Sugar Land. He left the tanker to make a series of telephone calls at a nearby service station phone booth, returned to the tanker's location, and subsequently returned to the public phone to make and receive additional calls. The tanker, red Pontiac and the pickup carrying appellant then convoyed to a motel in southwest Houston. The pickup left that location and travelled that evening to another motel to establish contact with additional members of the group traveling in a Ford Thunderbird.

On the morning of January 17 Alvarez reappeared at the motel where the tanker was located with another codefendant in a green Subaru automobile. Other group

members had already arrived in the Thunderbird. After they checked out of the motel, one group member jump-started the tanker and the conspirators proceeded in the Thunderbird, Subaru and tanker to a secluded location east of Houston.

Throughout the remainder of the day law enforcement officers maintained their vigil in the area where the tanker was parked. They observed appellant in the Thunderbird as it travelled to and from the scene. D.P.S. officers testified they observed two individuals unloading marihuana from the tanker and placing it in other vehicles. The group's activities were terminated later that afternoon when appellant and codefendants were arrested as they travelled in the Thunderbird, accompanying a U–Haul loaded with 1059 pounds of marihuana.

When reviewing sufficiency of the evidence this court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim. App.1989). The standard of review is the same in cases of both direct and circumstantial evidence. *Alexander v. State*, 740 S.W.2d 749, 757 (Tex.Crim.App.1987); *Dickey v. State*, 693 S.W.2d 386, 387 (Tex. Crim.App.1984). Any conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except the guilt of the defendant. *Humason v. State*, 728 S.W.2d 363, 366 (Tex.Crim.App.1987); *Carlsen v. State*, 654 S.W.2d 444, 449–50 (Tex.Crim.App.1983). Proof which amounts only to a strong suspicion or mere probability of guilt is insufficient to support conviction. *Humason v. State*, 728 S.W.2d at 366; *Moore v. State*, 640 S.W.2d 300, 302 (Tex.Crim.App.1982).

■ While mere presence at the scene of the crime is insufficient to prove that a person is a party to the crime, it is a circumstance tending to prove guilt, which, when combined with other facts, may suffice to show that the accused is a participant. *Beardsley v. State*, 738 S.W.2d 681, 685 (Tex.Crim.App.1987). However, it is unnecessary for every fact to point directly and independently to the defendant's guilt. It is sufficient if the conclusion is supported by the combined force of all the incriminating evidence. *Flores v. State*, 551 S.W.2d 364, 367 (Tex.Crim.App.1977); *White v. State*, 702 S.W.2d 293, 294 (Tex. App.—Amarillo 1985, no pet.).

■ The proof required of the State to establish unlawful possession of a controlled substance is that: (1) the accused exercised care, control or management over the contraband, and (2) the accused knew the matter possessed was contraband. *Sinor v. State*, 612 S.W.2d 591, 593 (Tex. Crim.App.1981); *Dubry v. State*, 582 S.W.2d 841, 843 (Tex.Crim.App.1979). Possession equates to care, custody, control or management. *Humason*, 728 S.W.2d 363, 365. Possession of the controlled substance does not need to be exclusive and evidence which shows the accused jointly possessed the contraband with others is sufficient. *Oaks v. State*, 642 S.W.2d 174, 176 (Tex.Crim.App.1982). Therefore the State may prevail by offering evidence that the accused was one of a group that knowingly exercised care, control, custody or management of the controlled substance.

Knowledge that the contraband was in fact a controlled substance can be proven when the evidence *affirmatively links* the accused to the contraband "in such a manner and to such an extent that a reasonable inference may arise that *the accused knew of the contraband's existence and its whereabouts.*" *Foster v. State*, 635 S.W.2d 710, 718–19 (Tex.Crim.App.1982); *Hernandez v. State*, 538 S.W.2d 127, 130 (Tex.Crim.App.1976).

The facts and circumstances of this case establish that appellant voluntarily stayed within close physical proximity to at least 1059 pounds of contraband, travelling with the drugs over hundreds of miles and through a time period of at least two days. A rational trier of fact could reasonably infer from such evidence that appellant's actions in safeguarding, protecting and

handling the load indicated his knowledge of its existence and composition.

 When drawing the inference that appellant was not simply present at the crime scene but exercised actual care, control and management of the contraband, triers of fact must consider the totality of circumstances, including the presence of such a quantity of narcotics and appellant's consistent pattern of behavior. *See Oaks,* 642 S.W.2d 174, 177. Affirmative links can be established when the accused's action toward the contraband shows his intent to violate the statute, *Alaniz v. State,* 458 S.W.2d 813 (Tex.Crim.App.1970); or when close physical proximity to a large amount of contraband indicates the accused was aware of its presence. *Carvajal v. State,* 529 S.W.2d 517, 520 (Tex.Crim.App.1975), *cert. denied,* 424 U.S. 926, 96 S.Ct. 1139, 47 L.Ed.2d 336 (1976).

■ Appellant urges us to consider this case in light of *Watson v. State,* 752 S.W.2d 217 (Tex.App.—San Antonio 1988, pet. ref'd). In *Watson,* circumstantial evidence was held insufficient to prove that the driver of a tractor trailer possessed actual knowledge that his cargo included cocaine hidden beneath a load of onions. The *Watson* Court was careful to note that the accused never maintained a consistent pattern of activity other than that normally expected of a produce truck driver. Numerous occasions arose during the *Watson* surveillance when the trailer was out of the accused's sight and custody, and the contraband could easily have been loaded at those times.

In the present case appellant guarded the drugs by maintaining a continuous pattern of counter-surveillance over hundreds of miles and several days. He was observed making furtive telephone calls that triggered other activities by group members.

■ Appellant also argues that an unpublished opinion of this court controls our decision. Unpublished opinions may not be cited as authority. TEX.R.APP.P. 90(i).

A conviction based on circumstantial evidence cannot be sustained if the circum-stances do not exclude every other reasonable hypothesis except that of the defendant's guilt. *Oaks v. State,* 642 S.W.2d 174, 179. In viewing the combination of circumstances and the totality of incriminating evidence before them the triers of fact in this case could conclude beyond a reasonable doubt that appellant knowingly exercised care, custody, control or management over the huge quantity of marihuana hidden in the tanker trailer. No other reasonable hypothesis could be envisioned, nor was one suggested, to explain appellant's consistent pattern of actions. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.