Affirmed and Memorandum Opinion filed July 27, 2004









Affirmed and Memorandum Opinion filed July 27, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00075-CR

____________

 

BERTIN LOUBEAU, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 344th
District Court

Chambers County, Texas

Trial Court Cause No. 11936

 



 

M E M O R A N D U M  O P I N I O N

Appellant Bertin Loubeau was found guilty
by a jury of possession with intent to deliver more than 400 grams of cocaine
and was sentenced by the trial court to fifty years=
imprisonment.  In two points of error,
appellant claims the evidence at trial was legally and factually insufficient
to support the verdict.  We affirm.








On the morning of September 11, 2001,
Lawrence Lilly, a trooper with the Texas Department of Public Safety (ADPS@), stopped Kenol
Luxama and appellant for a traffic violation while traveling on I-10 near
Highway 46.  Luxama was the driver of the
vehicle.  Appellant was the passenger.  Lilly searched the vehicle, a U-Haul truck,
and found approximately 165 pounds of cocaine, worth about seven million
dollars.[1]

In his two points of error, appellant
challenges the legal and factual sufficiency of the evidence.  In evaluating a legal-sufficiency claim, we
view the evidence in the light most favorable to the verdict.  Wesbrook v. State, 29 S.W.3d 103, 111
(Tex. Crim. App. 2000).  We do not ask
whether we believe the evidence at trial established guilt beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 318B19. 
Rather, we determine only whether a rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Cardenas v. State, 30 S.W.3d 384, 389
(Tex. Crim. App. 2000).  In our review,
we accord great deference A>to the
responsibility of the trier of fact [to fairly] resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.=@  Clewis v. State, 922 S.W.2d 126, 133
(Tex. Crim. App. 1996) (quoting Jackson, 443 U.S. at 319).  We presume that any conflicting inferences
from the evidence were resolved by the jury in favor of the prosecution, and we
defer to that resolution.  Id.  








In conducting a factual-sufficiency review,
we do not view the evidence Ain the light most
favorable to the prosecution.@  Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997).  Instead, we view
the evidence in a neutral light and inquire whether the jury was rationally
justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, No. 539-02,
2004 WL 840786, at *7, C S.W.3d BB , BB (Tex. Crim. App.
Apr. 21, 2004).  We may find the verdict
is factually insufficient in two ways.  Id.  First, when considered by itself, the
evidence supporting the verdict may be too weak to support the finding of guilt
beyond a reasonable doubt.  Id.  Second, after weighing the evidence
supporting the verdict, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met.  Id. 
We must discuss the evidence appellant claims is most important in
allegedly undermining the jury=s verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).  However, we must
employ appropriate deference so that we do not substitute our judgment for that
of the fact-finder.  Zuniga, 2004
WL 840786, at *4.  Our evaluation should
not intrude upon the fact-finder=s role as the sole
judge of the weight and credibility given to any witness=s testimony.  Cain, 958 S.W.2d at 407.

A person commits a felony offense if that
person knowingly or intentionally possesses cocaine with the intent to
deliver.  See Tex. Health & Safety Code Ann. ' 481.112 (a), (f)
(Vernon Supp. 2001).  When an accused is
charged with unlawful possession of cocaine, the State must prove (1) the
defendant exercised actual care, custody, control, or management over the
contraband, and (2) the accused knew the object he possessed was
contraband.  Brown v. State, 911
S.W.2d 744, 747 (Tex. Crim. App. 1995). 
When the accused is not in exclusive control or possession of the place
where the contraband is found, the evidence must affirmatively link the accused
to the contraband in such a manner and to such an extent that a reasonable
inference may arise that the accused knew of the contraband=s existence and
that he exercised control over it.  Villareal
v. State, 116 S.W.3d 74, 79 (Tex. App.CHouston [14th
Dist.] 2001, no pet.).  It makes
no difference whether this evidence is direct or circumstantial because, in
either case, it must establish to the requisite level of confidence that the
accused=s connection with
the drug was more than fortuitous.  Brown,
911 S.W.2d at 747.








Appellant asserts a lack of affirmative
links between him and the cocaine. 
Specifically, appellant argues his presence in the vehicle is
insufficient to support his conviction because (1) there were no drugs found on
his person, (2) his fingerprints were not found on the Abricks@ of cocaine, and
(3) no currency was found on him or in the U-Haul.  Although mere presence in the vicinity of
contraband is insufficient to prove that a person exercised control over the
contraband or was a party to the offense, it is a circumstance tending to prove
guilt, which, when combined with other facts, may suffice to show guilt.  See McGoldrick v. State, 682
S.W.2d 573, 578 (Tex. Crim. App. 1985); Alvarez v. State, 813 S.W.2d
222, 224 (Tex. App.CHouston [14th Dist.] 1991, pet. ref=d) (recognizing
link between narcotics hidden in tanker and defendant riding in separate car by
defendant=s pattern of counter-surveillance).  Notably, there is no rigid formula by which
we may find an affirmative link sufficient to support an inference of knowing
possession.  Villareal, 116 S.W.3d
at 80.  Instead, affirmative links
are established by a totality of the circumstances.  See, e.g., Sosa v. State, 845 S.W.2d
479, 483B84 (Tex. App.CHouston [1st
Dist.] 1993, pet. ref=d) (finding the totality of the
circumstances was of such a character that the jury reasonably could conclude
the defendant was aware of the contraband and exercised control over it).

At trial, Nikki Cameron, manager of Brazos
Self-Storage in Lake Jackson, testified that on September 10, 2001, she leased
a unit at her storage facility to Antoine Joseph, an acquaintance of
appellant.  That day, she saw several
people working at the facility and acting suspiciously.  She saw one man standing at the front gate of
the facility with a cellular phone.  He
placed a call on it every time anyone entered or exited the facility.  The electronic gate tracking system also
indicated that Joseph=s code was used 26 times that day, an
unusually high number of times.  Cameron
was alarmed by the suspicious activities and called the police.

The City of Freeport Police arrived,
performed surveillance, and observed men loading a U-Haul truck.  Captain Richard Miller entered the storage
unit after the men left and found blue bags containing many empty boxes of
toothpaste and packages and wrappings that may have previously contained
drugs.  Miller noted that an
investigation had been in progress on a ship, Salome, which was
suspected of being involved in transporting 
narcotics.  Captain Miller alerted
state and national law enforcement agencies to be on the lookout for the
U-Haul, providing its license plate number. 
Trooper Lilly stopped the U-Haul the next day.  Appellant was in the passenger=s seat.








Lilly testified that, during the traffic
stop, appellant and Luxama both seemed excessively nervous.  Appellant was fidgety and would not look at
Lilly.  Lilly said appellant was more
nervous than the usual person pulled over by law enforcement.  Moreover, appellant=s and Luxama=s stories of where
they had been and where they were going were inconsistent.  When Lilly asked permission to search the
U-Haul, Luxama said everything in it belonged to appellant.  Appellant did not deny this.  Rather, he granted Lilly permission to search
and gave Lilly the key to open the truck. 
Upon opening the truck, Lilly immediately detected a strong chemical
smell that he recognized as one that is often used to mask the odor of illegal
narcotics.  There were several old items
of furniture and appliances in poor shape located in the truck.  In the rear of the U-Haul, Lilly noticed an
old television with wet glue on its back. 
Lilly punched a small hole in the television and observed several bricks
of cocaine covered with toothpaste. 
Additional cocaine was found in a washer and dryer.

Appellant told Trooper Lilly he was moving
furniture for Sarah Wright.  He referred
to her as his friend and as his girlfriend. 
However, receipts for the purchase of the items in the U-Haul were found
in Luxama=s wallet. 
Moreover, Wright testified she did not own the furniture.  Wright was with appellant when he and some
other men bought the furniture and appliances that were found in the
U-Haul.  Wright testified she rented the
U-Haul for appellant to move the newly-purchased furniture. The U-Haul rental
contract listed appellant as the authorized secondary driver.  Wright stated that she had no plans to move
and never told appellant otherwise. 

Appellant testified that Joseph offered
him four-hundred dollars to fly from Florida to Texas to assist with moving
Wright=s furniture to
Beaumont.  Appellant admitted that on
September 10, he accompanied Wright when she rented the U-Haul, was present for
the purchase of at least some of the items found in the U-Haul, and was at the
storage facility when the furniture was loaded into the U-Haul.  Appellant said he spent an hour loading
furniture from the storage unit into the U-Haul, and another two hours waiting
to be picked up by Joseph.  Appellant
claimed he never actually entered or looked inside the storage unit.








In sum, the evidence at trial
affirmatively linked appellant with purchasing the furniture and appliances in
which the cocaine was found, renting the U-Haul truck that carried the cocaine,
loading the furniture and appliances into the U-Haul, and transporting the
furniture and appliances in the U-Haul. 
This evidence tends to sufficiently link appellant to the offense for
which he was convicted.  Although appellant=s testimony
differed from that of some of the State=s witnesses, the
jury is the sole judge of all witness testimony.  See Jones v. State, 944 S.W.2d
642, 647 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 832 (1997).  Accordingly, the jury could choose to accept
the testimony of the State=s witnesses and
disbelieve appellant=s testimony.

Viewing the evidence in the light most
favorable to the verdict, we conclude a rational trier of fact could have found
beyond a reasonable doubt that appellant was guilty of possession of cocaine
with intent to deliver.  Viewing the same
evidence in a neutral light, we conclude the jury was also rationally justified
in finding guilt beyond a reasonable doubt. 
The evidence is therefore legally and factually sufficient to support
the verdict.  We overrule appellant=s two points of
error and affirm the trial court=s judgment.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

Judgment
rendered and Opinion filed July 27, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Appellant does
not contest the validity of the search.